IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA COOPER, | ) |
| Plaintiff | ) ) ) ) Civil Action |
| vs. | ) File 2:21-CV-00020-LGW-BWC |
| TRAVIS MCMICHAEL, ET AL., | ) ) ) |
| Defendants. | ) |

**DEFENDANT GREGORY MCMICHAEL'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW defendant Gregory McMichael ("defendant") and files this motion to stay discovery pending the resolution of all criminal charges against him. Criminal charges are pending against defendant that arise from the same set of facts as those set forth in plaintiffs' complaint. Because defendant's Fifth Amendment rights with respect to those criminal proceedings outweigh plaintiffs' interests in pursuing these civil claims, the Court should stay discovery in this matter until the pending state and federal criminal charges against defendant have resolved.

## I.  BACKGROUND

This lawsuit concerns the death of Ahmad Arbury, which occurred on February 23, 2020. (Doc. 1, ¶ 1.) Defendant Gregory McMichael and two other defendants were arrested in connection with Mr. Arbury's death. (Id. ¶¶ 4, 169.)

Criminal charges arising from Mr. Arbury's death are currently pending against defendant in the Superior Court of Glynn County, Georgia, Case No. CR-2000433. (See Glynn County Superior Court No. CR-2000433, General Bill of Indictment (attached hereto as "Exhibit A").) That matter is scheduled for trial, with jury selection to begin on October 18, 2021. (See

Glynn County Superior Court No. CR-2000433, Trial Notice (attached hereto as "Exhibit B").) Federal charges are also pending against defendant in this Court. (See United States of America v. Gregory McMichael, *et al*., S.D. Ga., 2:21-cr-00022-LGW-BWC, Doc. 1.)

## II.   ARGUMENT AND CITATION TO AUTHORITY

The Court should stay discovery in this matter because (1) the underlying facts in the criminal cases and this civil case are the same; (2) defendant will be severely prejudiced in this civil matter and in the pending criminal matters without a stay; and (3) a stay will serve judicial economy and will not prejudice plaintiffs.

This Court has broad discretion to manage the cases on its docket and to promote the interest of justice in those cases. Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002). This broad discretion encompasses the "management of pretrial activities [which] include[es] discovery and scheduling." Johnson v. Bd. of Regents Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

A motion to stay a civil action during the pendency of a criminal proceeding or investigation should be granted when "special circumstances" so require in the "interests of justice." United States v. Lot 5, 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)). District courts within the Eleventh Circuit have considered the following factors in determining whether the interests of justice require a stay: (1) the degree to which the issues in the simultaneous civil and criminal proceedings overlap; (2) the extent to which the defendant's Fifth Amendment rights are implicated; (3) the interest of the plaintiff in

proceeding expeditiously with this litigation and the potential prejudice to the plaintiff from delay; (4) the burden any particular aspect of the proceedings may impose on the defendant; (5) the efficient use of judicial resources; (6) the interests of persons not parties to the civil litigation; (7) the interests of the public in the pending civil and criminal litigation; and (8) the status of the criminal case, including whether the defendant has been indicted. Dean v. Douglas, No. 5:12-CV-120 (CAR), 2012 U.S. Dist. LEXIS 175006, at *9 (M.D. Ga. 2012). In the case at hand, the majority of these factors weigh in favor of a stay until the criminal proceedings are concluded.

**1. The Underlying Facts in the Criminal Proceedings and Civil Case Are the Same.**

"The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). This is not a case where the criminal proceedings relate only tangentially to a pending civil case. Rather, the issues are virtually identical. The indictment in the pending state court action includes the following charges against defendant:

- Malice murder, O.C.G.A. § 16-5-1 (Glynn County Superior Court No. CR-2000433, General Bill of Indictment, Count 1, p. 3);
- Felony Murder, O.C.G.A § 16-5-1 (Id. at Counts 2-5, pp. 3-4);
- Aggravated Assault, O.C.G.A. § 16-5-21 (Id. at Count 6-7, pp. 4-5);
- False Imprisonment, O.C.G.A. § 16-5-41 (Id. at Count 8, p. 5)

Likewise, in the federal action, defendant has been indicted on the following charges:

- Interference with Rights, 18 U.S.C. § 245(b)(2)(B) and § 2 (2:21-CR-22-LGW-BWC, Doc. 1, Count 1, pp. 1-2);
- Attempted Kidnapping, 18 U.S.C. § 1201(a)(1), (d), and § 2 (Id. at Count 3, p. 4);

- Using, Carrying, and Brandishing a Firearm During and IN Relation to a Crime of Violence, 18 U.S.C. § 924(c) (Id. at Count 5, p. 6).

All of the charges in the state and federal proceedings arise out of the circumstances alleged in plaintiffs' complaint. Thus, this "most important threshold issue" favors staying discovery in this matter.

   2. **Defendant's Fifth Amendment Rights Are Implicated and Those Rights Outweigh Plaintiffs' Interest Proceeding Expeditiously With this Litigation or the Public's Interest in the Criminal and Civil Matters.**

The Court should stay discovery in this matter pending resolution of the criminal charges because defendant and his co-defendants will be prejudiced if they are forced to invoke their Fifth Amendment right against self-incrimination at a deposition or trial in this matter. As one court has observed, the choice of invoking the Fifth Amendment in a civil action comes with the risk of adverse inferences, whereas participating fully in discovery in the civil action "could cause irreparable harm and prejudice to Defendants in their criminal defenses." Dean, 2012 U.S. Dist. LEXIS 175006, at *11. Such a choice poses a "great likelihood for prejudice" that is not overcome by the plaintiffs' interest in the expeditious resolution of a civil case *or* the public's interest in the pending criminal and civil litigation. Id. at *11-14. Thus, these factors also tilt in favor of granting a stay of discovery in this matter.

   3. **The Charges Against Defendant Are Pending.**

Here, defendant has been indicted and is preparing to go to trial on the underlying criminal charges in Glynn County Superior Court in approximately three (3) months (October 18, 2021) (see also Glynn County Superior Court No. CR-2000433 Trial Notice, May 7, 2021 (attached hereto as "Exhibit C")). Further, defendant has been indicted on federal charges, which are currently pending before this Court. U.S. v. Travis McMichael, et al., 2:21-cr-00022-LGW-

BWC. The status of the criminal cases against defendant, then, warrant a stay of discovery in this civil matter.

   **4. Allowing the Criminal Cases to Resolve Is a More Efficient Use of this Court's Resources.**

As the Eleventh Circuit has noted, "[a]lthough stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues." <u>Grand Jury Proceedings (Williams) v. United States</u>, 995 F.2d 1013, 1018, n. 11 (11th Cir. 1993). "In addition, in the absence of a stay, discovery in the civil litigation will no doubt become bogged down" because the "court will be forced to make numerous individual rulings on what will likely be a long series of Fifth Amendment assertions." <u>United States v. All Meat & Poultry Prods.</u>, No. 02 C 5145, 2003 U.S. Dist. LEXIS 17677, at *14 (N.D. Ill. Oct. 2, 2003). Further, "a stay would promote efficiency and avoid duplication as the court would have the benefit of the transcripts and rulings in the criminal action." <u>Stamile v. Cty. of Nassau</u>, No. CV 10-2632 (SJF) (AKT), 2011 U.S. Dist. LEXIS 18697, at *21-22 (E.D.N.Y. Jan. 31, 2011). Although a stay "may result in the immediate delay in the progress of the civil action, it is likely that the resolution of the criminal action will, ultimately, further the Court's interest in the efficient disposition of the civil action." <u>Id.</u> at *24. Thus, the interests of judicial economy will be protected by a stay.

   **5. The Co-Defendants' Motions to Dismiss Also Warrant a Stay of Discovery.**

While this defendant has not moved to dismiss plaintiffs' complaint, defendant notes that others have. (<u>See</u> Docs. 57, 59, 63, 66, 67.) Many of these other defendants have already moved to stay discovery while their motions to dismiss are under consideration. (<u>See</u> Docs. 68, 69, 70.) Defendant agrees with his co-defendants that a motion to stay is warranted while the Court

considers their motions to dismiss, and defendant incorporates herein their arguments in support of their motions to stay (Docs. 68, 69, 70).

### III. CONCLUSION

For these reasons, defendant Gregory McMichael respectfully requests that this motion to stay discovery be granted, and that this Court stay this matter until both the state and federal criminal proceedings against defendant has been resolved.

This 15th day of July, 2021.

                           **FREEMAN MATHIS & GARY, LLP**

                           */s/ Wesley C. Jackson*
                           Sun S. Choy
                           Georgia Bar No. 025148
                           schoy@fmglaw.com
                           Wesley C. Jackson
                           Georgia Bar No. 336891
                           wjackson@fmglaw.com

                           *Attorneys for Defendant Gregory McMichael*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT GREGORY MCMICHAEL'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

**S. Lee Merritt**
**Daniel N. Purtell**
**John J. Coyle, III**
**Mark V. Maguire**
McEldrew Young Purtell Merritt
123 South Broad Street
Suite 2250
Philadelphia, PA 19109

**John Kennedy**
**Rizqan Ahmad Quereshi**
**Tia M. McClenney**
**William S. Weltman**
Reed Smith, LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022

**Noah Green**
Appelbaum & Henefeld, PC
9 Lenox Pointe NE
Suite B
Atlanta, GA 30324

**Raleigh W. Rollins , Jr.**
Alexander & Vann, LLP
401 Gordon Avenue
Thomasville, GA 31792
229-226-2565

**Patrick T. O'Connor**
Oliver Maner, LLP
218 West State Street
P.O. Box 10186
Savannah, GA 31412-0386

**Richard K. Strickland**
Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP
P.O. Box 220
5 Glynn Avenue
Brunswick, GA 31521-0220

**James L. Elliott**
Elliott & Blackburn
3016 N. Patterson St.
Valdosta, GA 31602

**John J. Ossick , Jr.**
John J. Ossick, Jr., PC
P.O. Box 1087
Kingsland, GA 31548-9190

**James Kyle Califf**
Califf Law Firm, LLC
3540 Wheeler Road, Suite 603
Augusta, GA 30909

This 15th day of July, 2021.

*/s/ Wesley C. Jackson*
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
 Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960