IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA COOPER | * |
| | * |
|    Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO.: 2:21-cv-20 |
| | * |
| TRAVIS McMICHAEL, ET AL. | * |
| | * |
|    Defendants. | * |

**REPLY BRIEF IN SUPPORT**

**OF MOTION TO DISMISS COMPLAINT**

Comes now Defendant Jackie Johnson ("Johnson"), pursuant to FRCP 12(b)(6), and files this Reply Brief in Support of Motion to Dismiss Complaint. Without waiving, and preserving any and all other defenses available to her, Johnson shows that the complaint against her (1) is barred by the doctrine of absolute prosecutorial immunity and (2) fails to state a claim against her based upon which relief may be granted. Johnson respectfully requests that the Court enter an Order dismissing the complaint against her showing the Court as follows:

**Statement of the Case**

At all times relevant to the claims asserted against her, Johnson was acting within the scope of her employment as the District Attorney for the Brunswick Judicial Circuit of the State of Georgia. (Doc. 1, ¶ 13). The Glynn County Police Department began investigating Ahmaud Arbery's death on or about February 23, 2020. (Doc. 1, generally and ¶¶ 9 – 12).

Johnson recused her office from the investigation into the shooting death of Arbery for the reason that Defendant Gregory McMichael was a former investigator with her office. (Doc. 1, ¶ 148).

On February 27, 2020, the Attorney General of the State of Georgia by Administrative Order appointed Defendant George Barnhill ("Barnhill") District Attorney Pro Tempore of the Brunswick Judicial Circuit of the State of Georgia to prosecute in the name of the State the death investigation of Ahmaud Arbery in Glynn County, Georgia. (Doc. 1, ¶ 151; see also Administrative Order of the Attorney General of the State of Georgia, Doc. 59-2).

On February 23, 2021, Plaintiff filed this suit against Johnson and others, including Barnhill, alleging claims against Johnson for denial of access to the courts under 42 USC § 1983 (Doc. 1, Count IX) and conspiracy (with Barnhill) to obstruct justice under 42 USC § 1985(2)[sic] (Doc. 1, Count X).

Plaintiff's claims against Johnson are barred by absolute prosecutorial immunity. Plaintiff's claims against Johnson also are barred for failure to state a claim against Johnson for denial of access to the courts or for conspiracy to obstruct justice based upon which relief may be granted.

For the reasons set forth below, the complaint against Jackie Johnson should be dismissed.

**A.  <u>The complaint (Doc. 1) against Johnson is barred by prosecutorial immunity.</u>**

The only two counts in the complaint that purport to make claims against Johnson are Counts IX and X.  Count IX purports to make a claim against Johnson for denial of access to the courts, and Count X purports to make a claim against Johnson for conspiracy to obstruct justice. The sole basis of the denial of access to the courts claim is the allegation that Johnson concealed from the public and Plaintiff alleged "facts" about the Arbery death investigation and that such concealment led to a delay in bringing the constitutional claims alleged in this lawsuit. (Doc. 1, ¶¶ 269-271).  The sole basis of the conspiracy to obstruct justice claim is the allegation that Johnson (and Defendant Barnhill) concealed from the public and Plaintiff alleged "facts" about the Arbery

death investigation and that such concealment led to a delay in bringing the constitutional claims alleged in this lawsuit. (Doc. 1, ¶¶ 273-276). Importantly, the complaint alleges that at all times relevant, Johnson was acting within the scope of her employment as the District Attorney for the Brunswick Judicial Circuit. (Doc. 1, ¶ 13). The claims against Johnson for denial of access to the courts and for conspiracy to obstruct justice are barred by absolute prosecutorial immunity.

As shown in her primary memorandum of law (Doc. 59-1), "Prosecutors are entitled to absolute immunity for the initiation and pursuit of criminal prosecution. See *Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)*. The analytical key to prosecutorial immunity is whether the allegations at hand stem from the prosecutor's function as a legal advocate. See *Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)* ("Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in h[er] role as an advocate for the State, are entitled to the protections of absolute immunity."). Courts must look to "the nature of the function performed, not the identity of the actor who performed it." *Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999)* (quoting *Buckley, 509 U.S. at 269*).

As the Court held in *Hoffman v. Office of the State Atty.,* 793 Fed. Appx. 945, 950-951; 2019 U.S. App. LEXIS 35745 ; 2019 WL 6461256 (11th Cir. 2019), "As to [the prosecutor's] alleged failure to recuse due to [another's] involvement, the decision whether to recuse from a prosecution is an action intimately associated with the judicial phase of the criminal process, little different conceptually than a decision to initiate or pursue a prosecution." *Hoffman,* at 950. Prosecutorial immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Hoffman*, at 951, citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 272, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).

Here, Plaintiff complains that Johnson failed to disclose to her and the public information allegedly known to Johnson and that Johnson then recused her office from the prosecution of the case for the reason that Gregory McMichael was a former investigator in her office. As the Court held in *Hoffman*, supra, "the decision whether to recuse from a prosecution is an action intimately associated with the judicial phase of the criminal process, little different conceptually than a decision to initiate or pursue a prosecution." *Hoffman,* at 950. Johnson's alleged conduct in remaining silent and deciding to recuse from a prosecution is intimately associated with the judicial phase of the criminal process and is thus protected by absolute prosecutorial immunity. The complaint against Johnson should be dismissed.

**B. The complaint (Doc. 1) fails to state a claim against Johnson based upon which relief may be granted.**

**a. Count IX against Johnson for "Denial of Access to Courts" fails to state a claim based upon which relief may be granted.**

Plaintiff's response to Johnson's Motion to Dismiss fails to address the "actual injury" requirement of a denial of access to courts claim. For this reason alone, Plaintiff's denial of access to courts claim against Johnson fails as a matter of law.

As shown in her primary memorandum (Doc. 59-1), for [a plaintiff] to state a claim that [plaintiff] was denied access to the courts, [plaintiff] must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002); *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See *Christopher*, 536

U.S. at 415." *Clark v. Gregory*, 2012 U.S. Dist. LEXIS 14657; 2012 WL 385488 (SDGA February 6, 2012).

"To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." *Clark, supra*, citing *Miller v. Donald*, 132 F. App'x 270, 272 (11th Cir. 2005).

Here, the complaint fails to state a claim that Plaintiff has been denied access to the courts. Plaintiff has not pled, nor can she, that she has sustained an actual injury, that she has actually suffered a denial or dismissal of a civil rights action, as a result of Johnson's alleged concealing from the public and her information allegedly known to Johnson. To the contrary, the pendency of this action against all of the defendants named herein belies and defeats Plaintiff's claim. Plaintiff has not been denied access to the courts as a matter of law. Plaintiff has not suffered an actual injury. Plaintiff's complaint against Johnson for denial of access to the courts should be dismissed.

b. **Count X against Johnson for "Conspiracy to Obstruct Justice" is barred by the intracorporate conspiracy doctrine.**

Regardless of the failure of the complaint to state a claim against Johnson for conspiracy to obstruct justice, that claim is also barred by the intracorporate conspiracy doctrine. Plaintiff seeks to avoid the application of that bar by arguing, in essence, that Johnson was an employee of Glynn County and that Barnhill was an employee of Ware County. See Doc. 84, p. 48. This argument is contrary to Georgia law, and the conspiracy to obstruct justice claim is barred as a matter of law.

In *Dickerson v. Alachua County Com'n,* 200 F.3d 761, 766 (11th Cir. 2000), the Eleventh Circuit held that the intracorporate conspiracy doctrine bars allegations of conspiracy between

agents of the same organization. The doctrine applies in private industry as well as within governmental agencies. *Humphrey v. Napolitano,* 847 F. Supp. 2d 1349; 2012 U.S. Dist. LEXIS 28255; 2012 WL 718800 (SDFL March 5, 2012)

Here, the intracorporate conspiracy doctrine precludes any claim of a conspiracy between Johnson and Barnhill. The complaint shows on its face that at all times relevant to the claims asserted against her, Johnson was acting within the scope of her employment as the District Attorney for the Brunswick Judicial Circuit of the State of Georgia. (Doc. 1, ¶ 13). The complaint likewise shows on its face that by Administrative Order of the Attorney General, Barnhill was acting as District Attorney Pro Tempore of the Brunswick Judicial Circuit of the State of Georgia. (Doc. 1, ¶ 151; Doc. 59-2).

The Constitution of the State of Georgia establishes the office of district attorney and provides that district attorneys shall "represent the state" in all criminal cases in the superior courts of Georgia. Georgia Constitution, Art. 6, § 8, ¶ 1(a), (d). [1] Under Georgia law, a district attorney is a state rather than a county official. *Owens v. Fulton County*, 690 F. Supp. 1024 (N. D. Ga. 1988), *aff'd* 877 F. 2d 947 (11th Cir. 1989); see also, *McClendon v. May*, 37 F. Supp. 2d 1371 (S. D. Ga. 1999).

Thus, Johnson and Barnhill were both acting for the State of Georgia as district attorneys of the Brunswick Judicial Circuit in connection with the allegations of conspiracy made by Plaintiff. Because Plaintiff's conspiracy claim is against actors who are part of a single public entity, her § 1985 conspiracy claim is barred by the intracorporate conspiracy doctrine as a matter of law.

---

[1] District attorneys shall enjoy immunity from private suit for actions arising from the performance of their duties. Georgia Constitution, Art. 6, § 8, ¶ 1(e)

**Conclusion**

As shown herein, all of Plaintiff's claims against Johnson are barred by absolute prosecutorial immunity. Further, Plaintiff's allegations of denial of access to the courts fail to state a claim against Johnson based upon which relief may be granted. Plaintiff's allegations of conspiracy to obstruct justice likewise fail to state a claim and are likewise precluded by the intracorporate conspiracy doctrine. Therefore, Johnson respectfully requests that the Court enter an Order granting her Motion to Dismiss and dismissing the complaint against her.

This 7th day of October, 2021.

| | |
|---|---|
| /s/ John J. Ossick, Jr. | /s/ James L. Elliott |
| **John J. Ossick, Jr.** | **James L. Elliott** |
| Georgia Bar No: 555150 | Attorney for Jackie Johnson |
| Attorney for Jackie Johnson | Georgia Bar No: 244244 |
| John J. Ossick, Jr., PC | Elliott, Blackburn & Gooding, PC |
| PO Box 1087 | 3016 N. Patterson Street |
| Kingsland, GA 31548-1087 | Valdosta, GA 31602 |
| (912) 729-5864 | (229) 242-3333 |
| (912) 729-2230 fax | (229) 242-0696 fax |
| ossick@tds.net | jelliott@ebbglaw.com |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

This 7th day of October, 2021.

                                              /s/ James L. Elliott
                                              James L. Elliott
                                              Georgia Bar Number 244244
                                              Attorney for Jackie Johnson

Elliott, Blackburn & Gooding, PC
3016 N. Patterson Street
Valdosta, GA 31602
(229) 242-3333
(229) 242-0696 fax
jelliott@ebbglaw.com