IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA COOPER, in her individual capacity and as administrator of the estate of the decedent, Ahmaud Arbery, § § § § *Plaintiff*, § v. § § TRAVIS McMICHAEL, GREGORY § McMICHAEL, WILLIAM BRYAN, § POLICE OFFICER ROBERT RASH, § POLICE OFFICER JOHN POWELL, § JOHN DOE POLICE OFFICIALS 1-10, § GLYNN COUNTY, JACKIE JOHNSON, § and GEORGE BARNHILL, § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00020-LGW-BWC |

# DEFENDANT BARNHILL'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO HIS MOTION TO DISMISS

COMES NOW, Defendant George Barnhill with this his Reply to Plaintiff's Response in Opposition to his Motion to Dismiss, and showing this Honorable Court as follows:

The claims brought against Barnhill are meritless. Some claims are incredible and, as Plaintiff's Response fails to support the claims legally or factually, each claim must be dismissed.

## I. DENIAL OF ACCESS TO THE COURTS (COUNT IX)

First, the law Plaintiff relies on to support her access to courts claim, instead supports dismissal. The claim is untenable on its face. That the Plaintiff has not been denied procedural due process and access to the courts

is evidenced by the existence of this very lawsuit. Plaintiff relies only on cases where a party was not given pertinent information for years or even decades. These are cases in which the statute of limitations expired, and a procedural due process claim was the only method by which a plaintiff could sue. Based on Defendant's research, there has never been, in the history of the United States, a court that found a procedural due process violation where it was alleged that a district attorney, (1) did not provide information to a victim's family during an initial investigation; (2) failed to release a full criminal investigation file while an investigation was still open; or (3) did not bring criminal charges or seek a grand jury indictment within six weeks or while an investigation was still ongoing.

According to Plaintiff's Response brief, the allegations that support this claim are: that Barnhill concealed facts from the public and the family which would support the family's claims for redress. [Doc. 84 p. 45]. But under Georgia law, information about an active investigation or pending prosecution, other than initial public arrest reports and initial incident reports, are not required to be released. O.C.G.A. § 50-18-72(a)(4). It is only when an investigation <u>and</u> prosecution have become final that records or information related to a criminal investigation or prosecution are openly available to the public or to a victim's family. *Id.* For the six weeks that the case was in his office, Barnhill was following the Georgia statute that governs the release of information to the public.

Barnhill's Motion to Dismiss analyzes the relevant standard for bringing an access to courts claim. [Doc. 66 pp. 13-15]. That standard looks to whether the party asserts a forward-looking or backward-looking claim. [*Id.*]. Plaintiff disregards the relevant standard. In place of arguing that this claim is actionable under controlling precedent, Plaintiff instead discusses *Chappell v. Rich*, a case far afield from our own. 340 F.3d 1279 (11th Cir. 2003). Even so, *Chappell* applies the standard discussed in Barnhill's Motion to Dismiss.

The standard set forth by the Supreme Court in the seminal case of *Christopher v. Harbury*[1]. The standard that Plaintiff simply ignores.

In *Chappell*, a family learned more than thirty years after a homicide that a sheriff's department allegedly interfered with and obstructed efforts to investigate. *Id.* at 1281. Because of the delay, the four-year statute of limitations in Florida had expired. *Id.* at 1282. The court held there was no due process violation since the family knew who the alleged perpetrators were at the time of the criminal prosecution, and the family was not "prevented from filing a wrongful death suit within the statute of limitations period, nor that the Defendants' actions would have made such a suit inadequate, ineffective, or not meaningful." *Id.* at 1283-84. In another words, the cause of action was developed to cure situations where a concealment of facts has prevented a party from suing because the statute of limitations has expired. Self-evidently, that is not the case here.

*Chappell* is distinguishable in nearly every respect from the allegations here. Plaintiff alleges that Barnhill concealed facts for six weeks. [Doc. 84 p. 43]. In *Chappell*, the facts were concealed for more than thirty years. Plaintiff alleges that information was not provided to the public or the family for six weeks during the investigation and prosecution. [*Id.*]. In *Chappell*, the information was allegedly withheld for decades after the investigation and prosecution were terminated.

What Plaintiff fails to consider is that a party cannot state a claim for denial of access to the courts unless they have, in fact, been denied access to the courts. Although Plaintiff attacks Defendant's reliance on Supreme Court precedent, [Doc. 84 p. 44], it was *Christopher v. Harbury* that framed the contours of the law. Plaintiff has not explained how she has stated either a forward-looking or backward-looking claim. As explained in Barnhill's Motion

---

[1] 536 U.S. 403, 413-414 (2002).

to Dismiss, neither of these categories of cognizable claims applies to this Complaint. [Doc. 66 pp. 14-15].

Accepting each allegation as true, there are no set of facts that would permit a denial of access claim to go forward. Plaintiff's Response has not rebutted the conclusion that she has failed to state a claim upon which relief can be granted. The claim must be dismissed against Barnhill.

### A. Prosecutorial Immunity for the Denial of Access Claim

The Plaintiff also fails to state a claim based on Barnhill's absolute immunity for acts done to advance his prosecutorial duties. The allegations against Barnhill that are relevant to a denial of access claim, are all intimately connected to the prosecutorial function. Plaintiff's Response states that immunity is unavailable since Barnhill "concealed from the public and Plaintiff the true facts about Arbery's death and the deputization of the neighbors." [Doc. 84 p. 43]. But, as stated previously, Georgia law states that information and documents about a pending investigation or prosecution may not be disclosed to the public or a victim's family. O.C.G.A. § 50-18-72(a)(4).

Barnhill's decision not to make certain facts public during the six weeks his office had the case, while the investigation and prosecution were still pending, was both a lawful and reasonable choice. And as the letter that Barnhill wrote to a Police Captain stated[2], when Barnhill recused himself, he was still determining whether to make a Grand Jury presentation.

Barnhill's decision not to pursue charges was also a prosecutorial function. A district attorney's decision about whether to bring charges against a citizen lies at the heart of the prosecutorial duty. These allegations do not amount to a constitutional violation.

---

[2] Plaintiff has cited this letter as a public record in her Response brief, *see* Doc. 84 p. 66, n. 17.

## II. 42 U.S.C. § 1985(2) – CONSPIRACY TO OBSTRUCT JUSTICE (COUNT X)

The same basic deficiencies also underlie Plaintiff's conspiracy to obstruct justice claim against Barnhill. Plaintiff asserts that she has adequately pled race-based animus and conspiracy under the *Iqbal* and *Twombly* standard. When the allegations are viewed against that standard, however, the claims fail. "[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[U]nwarranted deductions of fact in a complaint are not admitted as true for the purposes of testing the sufficiency of [the plaintiff's] allegations." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, it has not been shown that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Regarding conspiracy claims for alleged civil rights violations, courts have held that a "complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

It is hard to see the logic behind the factual leap which Plaintiff asks the Court to make to infer a conspiracy based on racial animus. In Count X, the Complaint merely states the following about a conspiracy:

> 273. Defendants Jackie Johnson and George Barnhill conspired to intentionally conceal from the public and Plaintiff the true facts about Ahmaud Arbery's death and the deputization of the neighbors, which would form the basis for Plaintiff's claims for a redress of the violation of Ahmaud Arbery's constitutionally-protected rights.

This typifies a conclusory allegation.

In Plaintiff's Response brief, she points to the allegations that purportedly show the existence of a conspiracy. [Doc. 84 pp. 46-47]. But the "facts" that Plaintiff highlights simply do not justify a conspiracy claim. The Plaintiff argues these are a sufficient basis to plausibly infer a race-based conspiracy:

- it was the Attorney General's Office that assigned the case to Barnhill; *i.e.*, the transfer of the case to Barnhill's office was not based on an agreement between Johnson and Barnhill, [*Id.*];
- Johnson concealed nothing in her recusal notice and the Attorney General made the assignment with full knowledge that Johnson had asked Barnhill if he would accept the case, [*Id.*];
- After being presented with the initial evidence, but after he had spoken to Johnson, that Barnhill stated that he believed it was a "justifiable homicide." [*Id.*].

It is based on those allegations that Plaintiff asks the Court to infer the existence of a conspiracy to obstruct justice because the victim was black. Again, the Supreme Court has warned that allegations that "do not permit the court to infer more than the mere possibility of misconduct" are not sufficient. *Iqbal*, *supra*. And more specifically, conspiracy must not be conclusory, vague, or general in nature to survive a motion to dismiss. *Fullman*, *supra*.

It is on the allegations of race-based animus that the claim becomes untenable and unsupported.

Count X sets forth the extent of Plaintiff's allegations of race-based animus:

274. This conspiracy was motivated by racial animus.

The rest of Count X is silent about how the Plaintiff contends the Court should infer racial animus.

Again, Plaintiff's Response brief argues that she has adequately alleged that Barnhill was part of a conspiracy motivated by racial animus. [Doc. 84 pp. 47-48]. The Response brief's attempt to cast Barnhill as having racial animus is, frankly, absurd. Plaintiff points to allegations about the McMichael's alleged racism, and how Defendant Johnson was acquainted with Greg McMichael. [*Id.*]. That is it. It is from those allegations alone that Plaintiff asks the Court to infer that Barnhill was part of a conspiracy founded upon racism. Apart from being legally and factually untenable, the claim is improper and unfounded. Plaintiff has failed to set forth a plausible claim against Barnhill for conspiracy to obstruct justice based on racial animus.

### A. Intracorporate Conspiracy Doctrine

Plaintiff's argument against the intracorporate conspiracy doctrine misunderstands the role of district attorneys in Georgia. Plaintiff states that Defendant Johnson and Barnhill were "employed by different counties, to which the law considers different entities." [Doc. 84 p. 48]. But as the Court may know, district attorneys in Georgia are elected, constitutional officers of the State, not county employees. *See, e.g.*, Ga. Const. art. VI, § 8, ¶ I; O.C.G.A. § 15-8-6(5). Based on this fundamental misunderstanding, Plaintiff's argument is flawed from the start.

The reason that the intracorporate doctrine applies in this case is based on two relationships between the district attorneys at issue. First, they are both state constitutional officers. Since they are both officers of the State, they cannot form a conspiracy. Secondly, Barnhill was appointed as District Attorney *Pro Tempore* of the Brunswick Judicial Circuit for the prosecution of this case. In other words, Barnhill was the DA of the Brunswick Judicial Circuit only for prosecuting this case. Thus, because it was impossible for the

-7-

DA of the Brunswick Judicial Circuit to conspire with himself or herself, the claim fails.

Again, Plaintiff's entire argument in her Response brief relies on the premise that district attorneys in Georgia are county employees. They are not. The intracorporate conspiracy doctrine bars this claim and Plaintiff's Response to the Motion to Dismiss has not rebutted Defendant's argument. The claim against Barnhill fails as a matter of law.

### B. Prosecutorial Immunity for the 42 U.S.C. § 1985 Claim

Here too, each allegation made against Barnhill were actions taken in furtherance of his prosecutorial duties. As shown above, the allegations in Count X about Barnhill's role in a purported conspiracy are scant. In her Response brief, Plaintiff points to allegations that she contends defeat prosecutorial immunity: she contends that Barnhill told Glynn County detectives that he had concluded the "act was justifiable homicide"[3]. [Doc. 84 p. 51].

It is this allegation which Plaintiff claims defeats prosecutorial immunity[4]. Plaintiff contends that Barnhill made detectives aware of his opinion about whether a crime could be charged. In *Imbler v. Pachtman*, the

---

[3] Plaintiff also contends that Barnhill spoke to the press and "falsely stated" the investigation involved a burglary of a home and a toxicology report. This allegation is unconcerned with a purported conspiracy and irrelevant. The elements of a § 1985(2) claim requires overt acts that allegedly deprive a person of the "enjoyment of rights secured by the law to all." *Thomas v. Salvation Army S. Terr.,* 841 F.3d 632, 637 (4th Cir. 2016). Even under Plaintiff's strained interpretation, these purported statements are irrelevant to this Count.

[4] Plaintiff also cites several Georgia cases here about conspiracy under Georgia law for the proposition that Barnhill would be liable for acts of co-conspirators taken before joining the conspiracy. [Doc. 84 p. 52]. Plaintiff does not explain how or why state law would have any relevance to a federal claim, made under a federal statute, which asserts only federal law.

Supreme Court made clear that the prosecutorial immunity is at its apex where a prosecutor decides whether to bring suit against a defendant. 424 U.S. 409, 424 (1976). Accepting Plaintiff's allegation as true, a district attorney making a statement to detectives about the initiation of a prosecution fall within the prosecutorial function. Moreover, six weeks later, when Barnhill recused himself, he was still determining whether there was sufficient evidence to present the indictment to a Grand Jury. [*See*, letter cited by Plaintiff, Doc. 84 p. 66, n. 17].

### III.   LIBEL

Finally, Plaintiff brings a libel claim against Barnhill. In her Response brief, Plaintiff has tried to recast the claim in the Complaint. It is black letter law in Georgia that a deceased person cannot state a claim in Georgia. *Citizens & S. Nat Bk. v. Hendricks*, 176 Ga. 692 (1933) (defamation claims cannot be brought by a deceased person or by the deceased's estate in Georgia). This is fatal to Plaintiff's claim.

In an attempt to re-write Count XIV, the Response brief argues that the deceased's mother, Plaintiff Wanda Cooper, rather than the deceased's estate, has a valid libel claim. The Complaint reads:

> 15[5]. Defendant Barnhill published writing to both Glynn County Police Department and Attorney General Chris Carr wherein he falsely asserted that Ahmaud Arbery had committed the crime of burglary.
>
> 16. This statement was not privileged.

---

[5] Count XIV's paragraphs are incorrectly numbered. It appears on page 45 of the Complaint.

-9-

17. Defendants (sic) George Barnhill's false statements injured Ahmaud Arbery's reputation and cast him in a false negative light.
18. The false statements alleged that Arbery was guilty of a crime, dishonesty, or immorality.

A claim concerning Wanda Cooper is not the claim asserted in the Complaint. There is no mention of any defamation of Cooper nor of any harm done to Cooper. Plaintiff cannot assert new claims in a Response brief to a Motion to Dismiss. The libel claim that was asserted fails and must be dismissed.

For these reasons, each claim against Barnhill fails. Defendant Barnhill requests that this Court Grant his Motion to Dismiss.

This 7th day of October, 2021.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Barnhill*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| WANDA COOPER, in her individual capacity and as administrator of the estate of the decedent, Ahmaud Arbery, | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00020-LGW-BWC |
| | § | |
| TRAVIS McMICHAEL, GREGORY McMICHAEL, WILLIAM BRYAN, POLICE OFFICER ROBERT RASH, POLICE OFFICER JOHN POWELL, JOHN DOE POLICE OFFICIALS 1-10, GLYNN COUNTY, JACKIE JOHNSON, and GEORGE BARNHILL, | § § § § § § § § | |
| *Defendants*. | § | |

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties with a copy of **DEFENDANT BARNHILL'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO HIS MOTION TO DISMISS**, by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 7th day of October, 2021.

                                                      /s/ Noah Green
                                                      Noah Green
                                                      Georgia Bar No. 468138
                                                      *Attorney for Defendant Barnhill*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com