IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WANDA COOPER, in her individual capacity
and as administratrix of the Estate of the
decedent, Ahmaud Arbery,

    Plaintiff,

v.

TRAVIS MCMICHAEL, et al.,

    Defendants.

CIVIL ACTION NO.: 2:21-cv-20

# O R D E R

This matter is before the Court on Defendant Glynn County's Motion to Strike Plaintiff's February 22, 2022 Amended Complaint and Plaintiff's Motion for Leave to File Amended Complaint *Nunc Pro Tunc*. Docs. 114, 118. The parties have fully briefed the matter. Docs. 117, 121, 122, 123.[1] For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint *Nunc Pro Tunc* and **DENIES** Defendant Glynn County's Motion to Strike. Plaintiff's February 22, 2022 First Amended Complaint will be the operative Complaint in this case. Defendants are **ORDERED** to file any desired response to Plaintiff's First Amended Complaint within 21 days of this Order. This case shall otherwise remain stayed.

## BACKGROUND

Plaintiff, Ahmaud Arbery's mother, initiated this case on February 23, 2021, against Defendants, asserting various claims related to the death of Mr. Arbery. Doc. 1. In her initial Complaint, Plaintiff brought claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C.

---

[1] Defendant Glynn County and Defendant Jackie Johnson filed separate Responses to Plaintiff's Motion for Leave to File Amended Complaint *Nunc Pro Tunc*. Docs. 121, 123.

§ 1986, and Georgia state law against eight named Defendants and 1 to 10 John Doe Defendants. Id.

In July 2021, several Defendants either answered Plaintiff's Complaint or, in lieu of answering, filed motions to dismiss. Docs. 57–59, 63–57. Additionally, some Defendants moved to stay the case. Docs. 68–70, 73, 74. On July 22, 2021, following a telephonic status conference with the parties, the Court entered an Order staying the parties' Rule 26 obligations until the Court ruled on the pending motions to stay. Docs. 75, 76. On October 12, 2021, the Court entered an Order staying all proceedings in this case until the resolution of state and federal criminal proceedings involving certain Defendants. Doc. 106.

On November 24, 2021, in the Superior Court of Glynn County, Georgia, Defendants Gregory McMichael, Travis McMichael, and William Bryan were convicted of murdering Ahmaud Arbery. Doc. 117 at 7. Then, on February 22, 2022, following a jury trial in this Court, Defendants Gregory McMichael, Travis McMichael, and William Bryan were convicted on related federal charges.[2] Id.

The same day Defendants were convicted on the federal charges—February 22, 2022—Plaintiff filed her First Amended Complaint ("FAC"). Doc. 110. The FAC clarifies facts and circumstances regarding Plaintiff's claims, which relate to the murder of Ahmaud Arbery and law enforcement's subsequent response to that murder. Id. The changes in the FAC include clarifications about Larry English and his property (the property Mr. Arbery visited the day he was killed), information about Defendants Travis McMichael and William Bryan's racist

---

[2] Plaintiff asserts the criminal charges for which the stay was instituted were resolved when Defendants Gregory McMichael, Travis McMichael, and William Bryan were convicted on February 22, 2022. However, the Court notes Defendants were still awaiting sentencing during the relevant period. United States v. Travis McMichael, et al., No. 2:21-cr-22 (S.D. Ga.). Thus, the Court does not consider the criminal matters resolved prior to sentencing, and the previously imposed stay remains in effect until the Court expressly lifts the stay by Order. Doc. 106.

2

behavior and statements, and law enforcement's role in the events that led to the killing of Mr. Arbery. Id. at 5, 10–13, 16. 36. The FAC also includes information about Defendant Jackie Johnson's September 2021 indictment for her role in Mr. Arbery's death and subsequent investigation following Mr. Arbery's murder. Id. at 24, 27–28. The FAC includes details about Defendants Greg McMichael, T. McMichael, and Bryan's state and federal convictions arising from the death of Mr. Arbery. Id. at 24, 26. Additionally, the FAC seeks to bring a claim against Rick Minshew, a police officer. Id. at 2, 20, 39–40. Finally, the FAC removes allegations against Defendants John Doe Police Officials. Compare id. at 34–38, 41, 44 with Doc. 1 at 33–37, 40, 45. Aside from these changes, Plaintiff's initial Complaint and FAC are materially similar, bringing largely the same claims against the same Defendants. Compare generally Doc. 1 with Doc. 110.

On February 25, 2022, Defendant Glynn County filed its Motion to Strike Plaintiff's FAC. Doc. 114. Along with responding in opposition to Defendant's Motion to Strike, Plaintiff sought leave to amend *nunc pro tunc*. Docs. 117, 118. Thus, the parties present cross-motions on whether Plaintiff may amend her Complaint. Docs. 110, 118. Plaintiff argues her amendment should be permitted *nunc pro tunc* and her FAC should be considered as the operative Complaint in this case. Defendants Glynn County and Jackie Johnson argue Plaintiff should not be permitted to amend and her FAC should be stricken.[3]

## DISCUSSION

Defendants argue Plaintiff is not permitted to amend her Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1) and her FAC should be stricken because she never properly moved to amend under Rule 15(a)(2) prior to filing. Doc. 114 at 2–4; Doc. 122 at

---

[3] No other parties have opposed Plaintiff's Motion for Leave to Amend.

2–4. Plaintiff contends she can amend her Complaint under Rule 15(a)(1), but even if she cannot, she should be granted leave to amend *nunc pro tunc* under Rule 15(a)(2). Doc. 117 at 8–9.

I. **Plaintiff Can Request Leave to Amend *Nunc Pro Tunc***

Before the Court can decide the merits of the parties' position on whether to permit amendment, the Court shall consider Defendants' argument about whether Plaintiff can move to amend *nunc pro tunc* or whether Plaintiff filing her FAC prevents her from doing so. Specifically, Defendants argue the Court cannot allow Plaintiff to amend because she failed to properly move for leave to amend before filing her FAC. Defendants rely on Hoover v. Blue Cross & Blue Shield of Ala., 855 F.2d 1538 (11th Cir. 1988). Doc. 155 at 5–7.

Defendants' reading of Hoover is too narrow. The Eleventh Circuit Court of Appeals, in Hoover, recognized, generally, if a party amends its complaint without the court's leave or the opposing party's consent, the amendment is treated as a nullity. Hoover, 855 F.2d at 1544. However, the Eleventh Circuit also recognized—even if it did not adopt as a rule—that a court may treat an amended pleading as properly introduced even without prior judicial permission if "leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." Id. (quoting 6 Federal Practice & Procedure § 1485 at 421 (1971)); see also Chicken Kitchen USA, LLC v. Maiden Specialty Ins. Co., No. 14-23282-CIV, 2015 WL 11233084, at *2 (S.D. Fla. Oct. 7, 2015) (applying Hoover and accepting an amended complaint despite the plaintiff not seeking leave from the court or consent from the defendant); Clark v. Owen Loan Servicing, No. 116CV01879, 2016 WL 10988789, at *3 (N.D. Ga. Dec. 21, 2016) (permitting a party to amend its pleadings because it was likely the Court would have granted leave to amend had plaintiff sought such leave);

Skillings v. Bank of Am., NA, No. 1:13-CV-30, 2013 WL 12382791, at *2 (N.D. Ga. Sept. 4, 2013) (explaining it is within the court's discretion as to whether it considers a pleading served without judicial permission). Thus, the Court will not strike Plaintiff's FAC because she did not seek leave to file it. Rather, it will consider if Plaintiff would have been granted leave to amend if she had sought leave before filing before filing the FAC. Jones v. Wash. Mut. Bank, 1:11-CV-0591, 2011 WL 5041163 (N.D. Ga. Oct. 21, 2011).

Similarly, even though Plaintiff did not move for leave before filing her FAC, she filed a Motion to Amend *Nunc Pro Tunc*. Defendants ostensibly argue the Court cannot consider Plaintiff's Motion to Amend *Nunc Pro Tunc*, but they cite no authority for this proposition. Indeed, courts regularly consider *nunc pro tunc* motions to amend. See, e.g., Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1298 (N.D. Ga. 2010); Militana v. Wells Fargo Bank, N.A. for Holders of SASCO 2007 MLN1, No. 110CV01218, 2010 WL 11552844, at *1 (N.D. Ga. Oct. 13, 2010); Alfonso v. Straight Line Installations, LLC, No. 608-CV-1842, 2010 WL 519851, at *1 (M.D. Fla. Feb. 10, 2010); Island Wifi Ltd., LLC v. AT&T Mobility Nat'l Accts. LLC, No. 1:20-CV-23741, 2020 WL 13267366, at *1 (S.D. Fla. Nov. 20, 2020).

In sum, Hoover and Plaintiff's Motion to Amend *Nunc Pro Tunc* allow the Court to consider whether Plaintiff should be permitted to amend her Complaint under the Federal Rules of Civil Procedure.

## II. Plaintiff Cannot Amend as a Matter of Right

Plaintiff argues she is entitled to amend her Complaint as a matter of right under Rule 15(a)(1)(B). Doc. 117 at 4, 8–9. Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e),

or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).  Here, as Plaintiff acknowledges, Defendants filed their motions to dismiss between July 9 and 12, 2021.  See Docs. 57, 59, 63, 66, 67.  Plaintiff also acknowledges more than 21 days elapsed from the date of Defendants' motions to dismiss in July 2021 until she filed her FAC and motion to amend in February 2022.  However, Plaintiff contends because the case was stayed initially on July 22, 2021, and then again on October 12, 2021, her FAC was not untimely filed and should be considered within the 21-day window provided by Rule 15(a)(1)(B).  Doc. 117 at 8–9.

Plaintiff misunderstands the effect of the stays the Court imposed.  Defendants in this case filed several motions to stay.  Docs 68, 69, 70, 73, 74.  In light of these motions, on July 22, 2021, the Court stayed the parties' Rule 26 obligations.  Doc. 76.  Contrary to Plaintiff's understanding, the Court's July 22, 2021 Order did not stay any other deadlines or obligations.  From July 9, 2021 (the date of the earliest motion to dismiss), the 21-day period during which Plaintiff could have amended as a matter of right continued to run.  This 21-day period expired on July 30, 2021.  Yet, Plaintiff did not file her FAC until February 22, 2022.  Doc. 110.  Thus, Plaintiff's FAC was well outside the time period provided by Rule 15(a)(1)(B).

To be sure, the Court instituted a total stay of the proceedings on October 12, 2021. Doc. 106.  The Court stayed the proceedings pending the outcome of the criminal proceedings involving certain Defendants.  Id.  However, the stay was instituted after the time for Plaintiff to amend as a matter of right under Rule 15(a)(1)(B) had passed.  Therefore, the Court's October 12, 2021 stay does not provide a basis to toll the time Plaintiff had to file her FAC as a matter of right under Rule 15.  Accordingly, Plaintiff is not permitted to amend as a matter of right under Rule 15(a)(1)(B).

### III. Plaintiff Would Have Been Granted Leave to Amend Under Rule 15(a)(2)

Plaintiff also argues, even if she is not permitted to amend as a matter of right, she can and should be permitted to file her FAC under Federal Rule of Civil Procedure 15(a)(2). Docs. 117, 118. Rule 15(a)(2) provides, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) establishes a liberal amended pleading standard, as courts intend for complaints to be amended freely in ways that best "advance justice." Stephens v. Atlanta Indep. Sch. Sys., 1:13-CV-978, 2013 WL 6148099, at *6 (N.D. Ga. Nov. 22, 2013). That is, courts should freely allow amendment. See Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).

The Court does not find any circumstances warranting denial of leave to amend in this matter. First, Plaintiff did not unduly delay filing her FAC. Plaintiff sought leave to amend more than six months after Defendants moved to dismiss. However, the case had been stayed most of this time. The Court has stayed this case in its entirety since October 12, 2021, pending the outcome of certain criminal proceedings and no discovery has occurred during this time. Doc. 106. Plaintiff reasonably considered the relevant criminal proceedings, those against Defendants G. McMichael, T. McMichael, and Bryan, to conclude when they were convicted on their federal charges. Plaintiff then immediately filed her FAC. Doc. 110. While Plaintiff's

understanding of the conclusion of the criminal proceedings was incorrect—Defendants were still awaiting sentencing in their federal case during the relevant period—the understanding was nonetheless a reasonable interpretation of the Court's Order. More importantly, the fact Plaintiff immediately filed her FAC demonstrates Plaintiff was not unduly delayed and she was not acting in a dilatory manner when amending.

Moreover, the information upon which Plaintiff bases her amendment was not known to her at the time she filed her initial Complaint. Doc. 117 at 3–4; Doc. 118 at 3–4. Plaintiff's amendment is primarily based on three categories of information: (1) the identity of Defendant Minshew, who was previously only identified as a John Doe Defendant; (2) the indictment of Defendant Jackie Johnson; and (3) information about Defendants G. McMichael, T. McMichael, and Bryan related to the murder of Mr. Arbery that was revealed during their state and federal prosecutions. None of this information was known to Plaintiff when she filed her initial Complaint in February 2021.

Nonetheless, Defendants still argue the amendment was unduly delayed between the time period when Plaintiff learned of the relevant information and her filing of her FAC. Defendant Johnson argues Plaintiff knew of Johnson's indictment since at least September 2021 and should have amended then, which was also before the Court's October 2021 stay. Doc. 121 at 2. Indeed, Defendant Johnson's indictment was known to Plaintiff several months before she filed her FAC but was not known to Plaintiff before she filed her initial Complaint. Doc. 122 at 9. Likewise, Defendant Glynn County argues Plaintiff unduly delayed filing her FAC because facts about Defendant Minshew were known to Plaintiff in November 2021. Again, the information related to Defendant Minshew was not known to Plaintiff when she filed her initial Complaint in February 2021. Defendant Glynn County acknowledges the allegations related to Defendant

Minshew were not known to Plaintiff until the November 2021 state trial. Id. The delay between the time Plaintiff learned of these facts in November 2021 and her filing of her FAC in February 2022 is relatively short. As to the third category of additional information—the additional details related to Defendants G. McMichael, T. McMichael, and Bryan—it is undisputed these facts were not known to Plaintiff until the February 2022 federal trial. Id.

Plaintiff's explanation of why she did not amend earlier—in September 2021—weighs in favor of permitting her amendment. Plaintiff believed the July 22, 2021 stay prevented her from amending her Complaint. Doc. 117 at 2, 8; Doc. 118 at 3. As explained above, the July 22, 2021 stay was more limited than Plaintiff understood it to be—the stay only relieved the parties from their Rule 26(f) and scheduling obligations. Likewise, Plaintiff's belief she could not amend once the October 2021 stay was imposed is incorrect. Plaintiff could have moved for leave to amend despite the stay. But Plaintiff's misunderstanding of the effect of both the July 2021 and October 2021 stays is understandable. Rather than demonstrate undue delay, the delay merely demonstrates a misunderstanding of the impact of the Court's Orders. Cf. Hester v. Int'l Union of Operating Eng's, 941 F.2d 1574, 1578–79 (11th Cir. 1991) (holding a party could not amend its complaint after engaging in undue delay because the party had waited an inexplicably long time after learning of reason to amend before seeking leave to amend and opportunities to amend had passed).

Indeed, the Eleventh Circuit has explained undue delay occurs when the amendment is sought after the close of discovery and on the eve of trial. Nolin v. Douglas County, 903 F.2d 1546, 1551 (11th Cir. 1990), overruled on other grounds by McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994); see also Rhodes v. Amarillo Hosp. Dist., 654 F.2d 1148, 1154 (5th Cir. 1981); Hester, 941 F.2d at 1578–79; Smith v. Duff & Phelps, Inc., 5 F.3d 488, 493–94 (11th Cir. 1993).

Moreover, "[t]he mere passage of time, without anything more, is an insufficient reason to deny leave to amend." In re Engle Cases, 767 F.3d 1082, 1118 (11th Cir. 2014) (internal quotes omitted). The circumstances before the Court do not demonstrate undue delay. While Plaintiff knew of some of the allegations up to six months before she filed her FAC, the record does not show Plaintiff knew any of this information when she filed her initial Complaint nearly a year prior, and her explanation for waiting until February 2022 to amend is reasonable. No discovery has occurred in this case, and no deadlines have expired. These facts support permitting Plaintiff's requested amendment. Sky Harbor Atlanta Ne., LLC v. Affiliated FM Ins. Co., No. 1:17-CV-03910, 2019 WL 7944234, at *2 (N.D. Ga. Oct. 30, 2019) (explaining no undue delay when the defendant's counterclaim was filed a year after its answer because the facts underlying the claim were only revealed during discovery); Brantley Cnty. Dev. Partners, LLC v. Brantley County, 5:19-CV-109, 2020 WL 3621319, at *2 (S.D. Ga. July 2, 2020) (holding a plaintiff's first motion to amend was not unduly delayed despite the movant possessing the necessary information to assert its amended complaint in its original action because the amended complaint would not significantly hinder or delay the proceedings timeline and because discovery had yet to occur); Parker v. Exterior Restorations, Inc., No. CV 21-0425, 2022 WL 1239466, at *2 (S.D. Ala. Apr. 27, 2022) (explaining cases upholding denials of leave to amend based on undue delay involve year-long delays or delays beyond key deadlines); Wyatt v. BellSouth, Inc., 176 F.R.D. 627, 630 (M.D. Ala. 1998) (explaining motion to amend complaint to add new cause of action is not untimely merely because it was filed 18 months after the complaint, especially where parties had sought and received extensions of discovery and dispositive motion deadlines).

Similarly, bad faith does not provide a substantial reason to deny Plaintiff's amendment. First, no Defendant has argued Plaintiff acted in bad faith, and the Court discerns none. See,

generally, Docs. 121–23.  Plaintiff explains much of the information she seeks to add in her FAC was revealed during the criminal trials.  Doc. 117 at 3–4; Doc. 118 at 3–4.  Plaintiff has not previously amended her Complaint or failed to fix previously identified deficiencies, and much of her delay was related to a misunderstanding about the stay.  Sky Harbor Atlanta Ne., LLC, 2019 WL 7944234, at *2; cf. Young v. Sec'y Fla. for the Dep't of Corr., 380 F. App'x. 939, 940 (11th Cir. 2010) (affirming a district court's finding a plaintiff's fourth amended pleading was filed in bad faith because the plaintiff repeatedly failed to provide full disclosure of prior lawsuits in previous complaints despite the court instructing him to do so).  Here, there is no indication Plaintiff acted in bad faith.

The Court also finds the parties will not be unduly prejudiced by permitting Plaintiff to proceed on her FAC.  As noted, this case had been stayed since October 12, 2021, and no discovery has occurred.  Compare Sky Harbor Atlanta Ne., LLC, 2019 WL 7944234, at *2 (finding no undue prejudice because discovery did not close for nearly 17 months) with Sibille v. Davis, No. 3:13-CV-566, 2016 WL 1171879, at *2 (M.D. Ala. Mar. 25, 2016) (denying an amendment because it was filed after the close of discovery and only one week before the dipositive motion deadline).  No scheduling order has been issued in this case, and no deadlines for discovery or dispositive motions have been set.

Defendant Glynn County argues it will be prejudiced if Plaintiff is permitted to amend her Complaint because it has not been able to respond to Plaintiff's request to amend.  Doc. 122 at 7–10.  This argument lacks merit.  Plaintiff filed a Motion for Leave to Amend *Nunc Pro Tunc*, in which she argues why she should be permitted to amend her Complaint.  Doc. 118.  Defendant Glynn County filed a Response to that Motion.  Doc. 123 (incorporating by reference its Reply related to its Motion to Strike).  Defendant Glynn County had an opportunity to assert

11

what prejudice would result and failed to do so.  Further, as explained above, Defendant offers no authority the Court is unable to consider motions *nunc pro tunc*.  Doc. 122 at 10–11.

Defendant Glynn County also mentions in a footnote Defendant Minshew would be prejudiced because he would lose his statute of limitations defense.  Defendant Glynn County presents this in a conclusory manner only.  Doc. 122 at 8 n.1.  Defendant Glynn County does not offer any caselaw or argument showing a statute of limitations defense would succeed if the Court does not permit Plaintiff's FAC.  Indeed, the only caselaw Defendant cites stands for the proposition that *if* Defendant Minshew were to lose his statute of limitations defense, he would be prejudiced.  Id.  But the cited caselaw does not demonstrate *whether* Defendant Minshew would lose his statute of limitations defense in these circumstances.  For example, Defendant Glynn County does not state what the statute of limitations is or explain whether Plaintiff's initial identification of Defendant Minshew as a John Doe Defendant in this case was insufficient.  Defendant does not provide any law or argument whether the statute of limitations has expired.  Given the paucity of the argument, the Court does not discern any prejudice to Defendant Minshew, who has yet to appear in this case, arising from Plaintiff's amendment.  Moreover, Defendant's conclusory argument fails to meet the burden to demonstrate prejudice.  Allstate Ins. Co. v. Regions Bank, No. 14-0067 2014 WL 4162264 at *6 (S.D. Ala. Aug. 19, 2014) (explaining "[t]he burden lies with [the defendant], as the party opposing amendment, to show that it would suffer undue prejudice if [the plaintiff] were allowed to amend its [c]omplaint" and collecting cases).

Similarly, Defendant Johnson's argument regarding prejudice is not persuasive.  Defendant Johnson argues she would be prejudiced because Plaintiff's FAC includes information related her criminal indictment and, therefore, "injects inadmissible matter into the record and is

necessarily intended to manufacture prejudice in favor of Plaintiff and against Johnson." Doc. 121 at 3. Defendant Johnson provides no authority that an amendment is prejudicial because certain allegations are prejudicial.[4] For Defendant Johnson to show undue prejudice, she must "demonstrate that [her] ability to present [her] case would be seriously impaired were the amendment allowed." Allstate Ins. Co., 2014 WL 4162264, at *6 (citation omitted). "Prejudice to a defendant from an amendment is typically found if the amendment (1) results in significant expense in conducting additional discovery or preparing for trial, (2) deprives the non-moving party of the ability to assert a claim or a defense, or (3) significantly delays the resolution of the dispute." Jones v. Mercure, No. 1:13-CV-03946, 2015 WL 847467, at *3 (N.D. Ga. Feb. 25, 2015) (citations omitted). Defendant Johnson had not shown the amendment would prejudice her in any of the above-mentioned ways or seriously impair her ability to defend this case. Defendant Johnson's contention that certain allegations in the FAC are inadmissible, though now part of the record, does not seriously impair her ability to defend this case. If evidence of Defendant Johnson's indictment is inadmissible, the jury will not see the inadmissible evidence. Thus, Defendant Johnson has failed to demonstrate the inclusion of these facts in the FAC is unduly prejudicial such that Plaintiff's amendment should not be permitted.[5]

Finally, the Court considers whether Plaintiff's FAC is futile, as Defendant Glynn County argues. Doc. 122 at 9 n.4. An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v.

---

[4] It is far too early to determine whether evidence of Defendant Johnson's indictment would be admissible at trial. There are situations where a criminal indictment or conviction is admissible in civil proceedings. See Fed. R. Evid. 404.

[5] Defendant Johnson also argues because the FAC is prejudicial, it is futile. Doc. 118 at 3. This is incorrect. Futility of the amendment is a separate consideration from prejudice. Defendant Johnson fails to raise any discernible futility challenge to Plaintiff's FAC and, thus, fails to show the Court should reject Plaintiff's FAC based on futility.

McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). Defendant Glynn County argues the proposed amendment is futile but fails to elaborate on this assertion. The Court cannot determine Plaintiff's FAC is futile on such a conclusory argument. Further, to the extent Defendant Glynn County argues it had no opportunity to address futility based on Plaintiff's Motion to Amend *Nunc Pro Tunc*, this argument is meritless. Defendant was provided with the FAC and a Motion, to which it responded. Given the extensive briefing on whether Plaintiff's FAC should be permitted, there is no reasonable argument Defendant was not provided the opportunity to raise futility. Instead, Defendant simply failed to come forward with argument that Plaintiff's amendment would be futile.

In sum, Defendants have not shown Plaintiff's FAC was unduly delayed, submitted in bad faith, or futile, and Defendants have not shown they will be unduly prejudiced by allowing the amendment. Allchem Indus. Indus. Chemicals Grp., Inc. v. Tasco Chem. Corp., No. 1:09-CV-210, 2010 WL 11561221, at *2 (N.D. Fla. July 26, 2010) (allowing the plaintiff to proceed on an amended complaint because leave would have likely been granted under Rule 15); Steinberg for Lancer Mgmt. Grp., Inc. v. 375 Park Ave, LP, No. 04-60899-CIV, 2006 WL 8431412, at *3 (S.D. Fla. Sept. 25, 2006) (finding an amended complaint would have been permitted because there was "no indication of undue delay, bad faith or dilatory motive" and no showing the opposing party would suffer undue prejudice by the filing of the amended complaint). Moreover, there is a clear a preference to allow amendments and decide cases on their merits rather than fault parties for technicalities. Foman, 371 U.S. at 181–82 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may

be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); Borden, Inc. v. Fla. East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment"). Thus, Plaintiff will be permitted to proceed on her FAC.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint *Nunc Pro Tunc* and **DENIES** Defendant Glynn County's Motion to Strike Plaintiff's February 22, 2022 Amended Complaint. Defendants are **ORDERED** to file an answer or any desired response to Plaintiff's FAC within 21 days of this Order. Other than filing an Answer or other desired response to Plaintiff's FAC, the October 12, 2021 stay remains in place.

**SO ORDERED**, this 8th day of August, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA