IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA COOPER, in her individual capacity and as Administrator of the Estate of the decedent AHMAUD ARBERY, | * * * * |
| Plaintiff | * * |
| v. | * Case Number: 2:21-cv-00020-JRH-BWC * |
| TRAVIS McMICHAEL, et al., | * * |
| Defendants | * |

**OBJECTION TO ORDER ON MOTION TO STRIKE
BY DEFENDANT GLYNN COUNTY**

COMES NOW Glynn County, Georgia, and pursuant to Federal Rule of Civil Procedure 72(a) and Southern District of Georgia Local Rule 72.2 objects to the order of the Magistrate Judge denying the County's motion to strike Plaintiff's First Amended Complaint and granting Plaintiff's motion for leave to file that pleading *nunc pro tunc*. Dkt. 128. In support of this motion, the County shows the following:

**Introduction**

The chronology of the events leading to the filing of the parties' cross motions regarding the First Amended Complaint, as set forth in the Magistrate Judge's order, contains several significant inaccuracies. The order relies on those inaccuracies in concluding that Plaintiff would have been granted leave to amend had she sought it and that no Defendant has demonstrated prejudice, and in denying Glynn County's Motion to Strike for those reasons.

-1-

Specifically, the claims asserted against Defendant Minshew in the First Amended Complaint were *not* made against a Doe Defendant in the original Complaint – they appeared for the first time in the First Amended Complaint. And contrary to the Magistrate Judge's finding that the County "acknowledges the allegations related to Defendant Minshew were not known to Plaintiff until the November 2021 state trial," the County (and Minshew) in fact showed that Plaintiff was aware of both the facts underlying the allegations against Minshew, as well as Minshew's identity, prior to the filing of the original Complaint. Finally, the order recites that Minshew "has yet to appear" in this case, and faults Glynn County for offering only "conclusory argument" regarding the potential prejudice to Minshew if the First Amended Complaint is accepted by the Court – but Minshew has in fact filed a motion to dismiss, setting forth in detail the grounds on which he opposes the First Amended Complaint and demonstrating that he would be prejudiced if that pleading were accepted retroactively.

Had the actual facts been considered – that Minshew's identity and the facts underlying the claims against him were known to Plaintiff prior to the filing of the original Complaint, but were not included in that original pleading; that Plaintiff has provided no valid explanation for the delay in asserting claims against Minshew; and that Minshew has appeared and shown that he will be prejudiced if the amendment proposed by Plaintiff is allowed – Plaintiff's motion for leave to amend would have been properly denied. Glynn County respectfully requests that the Court overrule the Magistrate Judge's order, and enter an order denying Plaintiff's motion for leave to

amend *nunc pro tunc* and granting the County's motion to strike the First Amended Complaint.

## Argument and Citation of Authority

I. ***Amendment* nunc pro tunc *is improper under the specific circumstances of this case.***

The Magistrate Judge first addresses the question of whether amendment *nunc pro tunc* is available generally, and states that Glynn County's position is that "the Court cannot consider Plaintiff's Motion to Amend *Nunc Pro Tunc*." Dkt. 128, p. 5. But the County did not argue that such a motion is categorically improper. Rather, it showed that amendment *nunc pro tunc* should not be permitted where the proposed amended pleading seeks to add, without adequate explanation, "numerous factual allegations, claims, and even parties to an already complex case." Dkt. 122, p. 11; Dkt. 123, p. 2.

Plaintiff's motion for leave to amend *nunc pro tunc* totals two substantive pages, and the crux of the argument in favor of amendment consists of the following three sentences:

> In light of the significant factual developments revealed through two criminal trials since Plaintiff originally filed her Original Complaint, including the true identity of a John Doe defendant, good cause for amending the Complaint is immediately apparent. Plaintiff has not acted with undue delay or dilatory prosecution. In fact, she filed her FAC on the very date that the final verdicts were rendered in the related criminal matters.
> Dkt. 118, pp. 3-4.

By improperly filing the First Amended Complaint without leave of Court and retroactively seeking permission to file it by way of an abbreviated motion, Plaintiff avoided the need to provide a detailed explanation for the significant delay in filing the First Amended Complaint after the facts underlying it came to light.

Amendments *nunc pro tunc* are procedurally permissible, but none of the cases cited in the Magistrate Judge's order in support of this rule involved an attempt to add entirely new parties and claims to a case – let alone an attempt to make such additions supported only by a handful of conclusory and inaccurate sentences. *See, e.g., Kuria v. Palisades Acquisition XVI, LLC,* 752 F. Supp. 2d 1293, 1298 (N.D. Ga. 2010) (granting *nunc pro tunc* motion to amend where proposed amendment added only factual support for existing claims). Glynn County's position is not that the Court cannot consider a motion for leave to amend *nunc pro tunc*. Rather, as the Eleventh Circuit has noted, such a motion may be proper – but only when "leave to amend would have been granted had it been sought *and* [] it does not appear that any of the parties will be prejudiced by allowing the change." *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) (emphasis supplied).

Because Plaintiff simply submitted the First Amended Complaint, and followed it with a short, conclusory motion devoid of any detail about the reasons for Plaintiff's delay in seeking to amend, the record does not contain sufficient information to support a conclusion that leave to file the First Amended Complaint would have been given had Plaintiff sought it. *See Andrx Pharms., Inc. v. Elan Corp., PLC,* 421 F.3d 1227, 1237 (11th

Cir. 2005) (affirming denial of motion for leave to amend because plaintiff's "explanations for its delay in filing for leave to amend do not demonstrate that justice required the grant of the motion to amend."). The County's position is thus that amendment *nunc pro tunc* is improper under the specific circumstances of this case.

## II. *Plaintiff has not provided sufficient information to the Court to allow an informed determination to be made that leave to amend would have been granted if timely requested.*

Plaintiff represents in her motion for leave to amend *nunc pro tunc* that the First Amended Complaint "accounts for substantial evidence, previously unknown to Plaintiff, which was revealed in two related criminal trials." Dkt. 118, p. 2. The motion goes on to state that the criminal trials "revealed the identity of a defendant, Ricky Minshew, who Plaintiff had previously identified as John Doe Police Official in her Original Complaint." *Id.* Although the Magistrate Judge's order takes this statement at face value, Glynn County and Minshew have previously shown – and will show again here – that Minshew's identity and the facts underlying the claims against him were known to Plaintiff at the time the original Complaint was filed, and that the claims now asserted against Minshew were nonetheless entirely omitted from the initial pleading.

As a preliminary matter, the Magistrate Judge is mistaken that Minshew "has yet to appear in this case." Dkt. 128, p. 12. Minshew did not join Glynn County's motion to strike – but only because he had not yet been served at the time the County filed its motion. Once he was served, Minshew filed a timely motion to dismiss, in which he

echoed and elaborated on the County's showing regarding the impermissibility of Plaintiff's attempts to file the First Amended Complaint. Dkt. 124, pp. 5-10. Plaintiff, in seeking a stay of her obligation to respond to Minshew's motion, noted that her response to the County's motion to strike adequately "asserted her opposition" to Minshew's procedural arguments regarding the First Amended Complaint. Dkt. 125, p. 1. The showings of the party most affected by Plaintiff's attempts to file the First Amended Complaint were inadvertently overlooked by the Magistrate Judge, and for this reason alone, the order should be overruled so that Minshew's arguments against amendment may be properly considered.

Plaintiff's assertion that Minshew was "identified as John Doe Police Official in [the] Original Complaint" is demonstrably incorrect. Tellingly, Plaintiff never identifies the portion of the original Complaint in which the claims now made against Minshew were ostensibly asserted. A review of that pleading reveals that Plaintiff's chronological factual allegations skip from the shooting of Ahmaud Arbery by Travis McMichael to the purported "cover-up" of Arbery's death. Dkt. 1, ¶¶ 119-128. There are no factual allegations – against a Doe Defendant or against anyone else – concerning Arbery's condition at the time law enforcement officers arrived on scene, or concerning any failure by officers on the scene to provide first aid or call for emergency medical services. *Id.* In fact, the original Complaint contains no factual allegations against Doe Defendants at all. Rather, the ten Doe Defendants are identified only in connection with Plaintiff's claims for relief, each of which is predicated solely on the Doe Defendants'

alleged role in deputizing the McMichaels to act on behalf of Glynn County law enforcement. Dkt. 1, ¶¶ 225, 233, 236, 240, 246-50. No cause of action for deliberate indifference is pleaded in the original Complaint. As noted by both Glynn County and Minshew in their prior submissions, neither the factual allegations nor the cause of action now asserted against Minshew were previously asserted against a Doe Defendant. Dkt. 122, p. 8 n. 1; Dkt. 124, pp. 9-10.

The claim in Plaintiff's motion that the related criminal trials "revealed the identity of" Minshew fails for a second reason, as well. Glynn County and Minshew showed in their prior submissions not only that information about Minshew's identity and the facts of his involvement in the case were widely known prior to the filing of Plaintiff's original Complaint, but that Plaintiff's counsel specifically were aware of that information. Dkt. 122, p. 9 n. 3; Dkt. 124, pp. 9-10. Citing articles from national news media, at least one of which quoted one of Plaintiff's attorneys in this action, the County and Minshew demonstrated that "the facts Plaintiff now alleges with respect to Minshew were widely reported in the national news media, and known to Plaintiff's counsel, in December 2020 – well before the original Complaint was filed." Dkt. 122, p. 9 n. 3. But the Magistrate Judge's order – citing the very page of the County's reply brief on which the foregoing quote appears – states that the County "acknowledges the allegations related to Defendant Minshew were not known to Plaintiff until the November 2021 state trial." Dkt. 128, pp. 8-9. With all due respect, this is simply incorrect.

Glynn County and Minshew provided a detailed analysis showing that Plaintiff had access to all of the information needed to assert a claim against Minshew prior to the filing of the original Complaint, and *Plaintiff has made no showing to the contrary*. Glynn County does *not* acknowledge or agree that Plaintiff learned any information concerning Defendant Minshew during the criminal trials that was not already available prior to the filing of the original Complaint. Plaintiff's failure to include a known claim in the original pleading, coupled with the entirely unexplained year-long delay in Plaintiff's attempt to assert that claim for the first time, amounts to undue delay and warrants denial of Plaintiff's motion for leave to amend *nunc pro tunc*. *See Carruthers v. BSA Advert., Inc.,* 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming denial of motion for leave to amend where plaintiff failed to "offer any explanation as to why she could not have discovered and pled [the new claim] in her original complaint" eight months earlier, and holding that "such unexplained tardiness constitutes undue delay.").

The Magistrate Judge's order credits "Plaintiff's explanation of why she did not amend earlier" – that Plaintiff "believed the July 22, 2021 stay prevented her from amending her Complaint" in a timely fashion. Dkt. 128, p. 9. But Plaintiff does not actually offer this, or any other, explanation as to why she did not attempt to amend sooner. Rather, this argument can be gleaned from Plaintiff's submissions only by way of unwarranted inferences. Plaintiff never argued, either on the pages of her briefs cited by the Magistrate Judge or elsewhere, that she believed she was not permitted to file a

motion for leave to amend while various stays were in effect. Especially with respect to the stay of the parties' Rule 26 obligations, any such argument would be a non-starter; as explained in detail in Glynn County's reply brief, Plaintiff filed multiple other motions and received orders from the Court during the time when that limited stay was in effect. Dkt. 122, pp. 3-4. Moreover, even once the case was stayed in its entirety, Plaintiff was obligated to file her claims in a timely fashion, moving for leave to amend as necessary.[1] The Magistrate Judge's conclusion that "Plaintiff's misunderstanding of the effect of both the July 2021 and October 2021 stays is understandable" is both factually and legally unsupportable. Dkt. 128, p. 9. Plaintiff does not actually claim she interpreted the stays as precluding her from seeking leave to amend, and even if she did, such an interpretation would not be reasonable. To the extent that this "explanation" for Plaintiff's delay in seeking to amend can be read into her submissions, it is wholly insufficient to demonstrate that the delay was justified.

---

[1] *See Watts v. Epps*, 475 F. Supp. 2d 1367, 1369 (N.D. Ga. 2007) (Story, J.) ("Regardless of its potential effect on pending criminal proceedings, a plaintiff must file a § 1983 action within the relevant limitations period." *Id.* "In order to prevent federal courts from undercutting state criminal convictions by hearing § 1983 claims while a criminal case is pending, the district court can issue a stay of the action, but should not toll the statute of limitations.").

### III. *Defendant Minshew has shown that he will be prejudiced by Plaintiff's proposed amendment, and leave to amend is properly denied for this second and independently sufficient reason.*

Finally, while all of the foregoing analysis pertains to the first prong of the *Hoover* analysis – whether leave to amend would have been granted had it been sought – the second prong of that analysis would require that the First Amended Complaint be discarded regardless of whether the Court might otherwise be inclined to allow amendment. Again, "an untimely amended pleading served without judicial permission may be considered as properly introduced" only when both requirements are met – where "leave to amend would have been granted had it been sought," *and* where it "does not appear that *any of the parties* will be prejudiced by allowing the change." *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) (emphasis supplied). Thus, if *any* party would be prejudiced if the improperly introduced amendment were allowed, it should be denied.

Glynn County noted that Defendant Minshew would be appearing separately to show that he would be prejudiced by Plaintiff's attempted amendment, and Minshew subsequently filed a motion to dismiss containing a detailed analysis of the potential for prejudice to him if the amendment were allowed. Dkt. 122, p. 8 n. 1; Dkt. 124, pp. 5-10. Plaintiff acknowledged the procedural arguments raised in Minshew's motion, and pointed to her response to the County's motion to strike in response. Dkt. 125, p. 1. It is

clear from the Magistrate Judge's order that Defendant Minshew's motion was overlooked in its entirety. Dkt. 128, p. 12 (stating that Minshew "has yet to appear").

The Magistrate Judge declined to find any prejudice to Minshew "based on the paucity of argument" on that topic in Glynn County's brief, but Minshew's motion answers all of the questions that the Magistrate Judge identified as relevant to the analysis of prejudice. Specifically, Minshew showed that the claims against him were not asserted even against a Doe Defendant in the original pleading; that the facts underlying those claims were known at the time the original Complaint was filed; that the statute of limitations on Plaintiff's claims against him ran on February 23, 2022; and that no valid complaint had been filed against him as of that date. Dkt. 124, pp. 7-10. Minshew then argued, citing to a case applying *Hoover* in a nearly identical procedural posture, that

> Where a plaintiff improperly amends without leave of court just prior to the expiration of the statute of limitations, a defendant against whom the amended pleading attempts to assert new claims "would suffer undue prejudice by losing its limitations defense if the court [were to] excuse[ the plaintiff's] failure to file an appropriate motion to amend pleadings." *Moore v. Huntsville Rehab. Found., Inc.*, No. 5:21-CV-00130-HNJ, 2022 WL 49179, at *6 (N.D. Ala. Jan. 5, 2022), citing *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) and *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293 (5th Cir. 2003). This is especially true where the plaintiff does not offer any explanation for the failure to file a motion to leave for amend. *Id.*
> Dkt. 124, p. 7.

The statute of limitations on Plaintiff's claims against Minshew passed without any valid complaint against Minshew being filed. Minshew is entitled to assert the defense of the statute of limitations, and will be prejudiced if he is unable to do so.

Because *Hoover* allows retroactive validation of an improperly filed amended pleading only where *no* Defendant will be prejudiced by the amendment, the prejudice to Defendant Minshew that will result if the First Amended Complaint is accepted precludes the grant of Plaintiff's motion for leave to file *nunc pro tunc*.

## Conclusion

For the foregoing reasons, Glynn County respectfully requests that the Magistrate Judge's order be overruled, that the County's motion to strike Plaintiff's First Amended Complaint be granted, and that Plaintiff's *nunc pro tunc* motion for leave to file the First Amended Complaint be denied.

This twenty-second day of August, 2022.

/s/Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com
*Attorneys for Defendant Glynn County*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this twenty-second day of August, 2022.

    /s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar Number: 115145
Attorney for Defendant Pray
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
ehancock@brbcsw.com