IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **WANDA COOPER in her individual capacity and as administrator of the estate of the decedent AHMAUD ARBERY**<br>**Plaintiff**<br><br>v.<br><br>**TRAVIS McMICHAEL et al.,**<br><br>**Defendants.** | **Civil Action**<br>**2:21-CV-20-LGW-BWC** |

**RESPONSE TO GLYNN COUNTY'S OBJECTION
TO ORDER ON MOTION TO STRIKE**

Plaintiff Wanda Cooper, in her individual capacity and as independent Administrator of the Estate of the Decedent, Ahmaud Arbery, hereby responds to Glynn County's Objection (Dkt. 132) to the Magistrate Judge's Order denying the County's Motion to Strike Plaintiff's First Amended Complaint and granting Plaintiff's Motion for Leave to file that pleading *nunc pro tunc* (Dkt. 128).

**INTRODUCTION**

Glynn County is doing all it can to avoid having this case litigated on the merits. It seeks to use the Federal Rules as a sword—not a shield—and would have the First Amended Complaint thrown out for a technicality that prejudiced no one. The Magistrate Judge appropriately rejected this gambit, acknowledging that "there is a clear [] preference" in the Rules "to allow amendments and decide cases on their merits rather than fault parties for technicalities." Dkt. 128, at 14. In its

1

Objection, Glynn County rehashes its arguments specific to one defendant—out of eight—to have the entire First Amended Complaint declared a nullity as to *all* the defendants. The prejudice Glynn County asserts on Defendant Minshew's behalf does not exist, as the Magistrate Judge well understood. Dkt. 128, at 12. Granting Glynn County's motion to strike the First Amended Complaint in its entirety would be a windfall for the defendants, is contrary to the liberal pleading standard mandated by Rule 15, and is not warranted by the facts or procedural history of this case.

Through the criminal state murder trials and federal trials of the McMichaels and Bryan—which post-date the filing of the original Complaint—Travis McMichael and Bryan were revealed to be demonstrated racists, comfortable spewing hate, including by repeatedly using the most vile slur in the English language. For this and for their actions on February 23, 2020 they, along with Gregory McMichael, were convicted of Arbery's murder and of federal hate crimes. Jackie Johnson, for her part, has been indicted since the filing of the original Complaint for covering up Arbery's murder and attempting to protect his murderers. Those revelations, outlined in the First Amended Complaint, speak for themselves and show why amendment would have been granted under the facts here, and why granting amendment *nunc pro tunc* is necessary. Glynn County would have this Court turn a blind eye to these ugly truths, but justice demands we cannot look away.

**I.     The Magistrate Judge Properly Found That Amendment *Nunc Pro Tunc* Was Appropriate Here.**

Glynn County, Plaintiff, and the Magistrate Judge all agree that *nunc pro tunc* amendments are permitted where leave to amend would have been granted had it been sought and where there

is no prejudice. Dkt. 132, at 4; Dkt. 128, at 7-15. Contrary to Glynn County's assertions, both those requirements are satisfied here, as the Magistrate Judge concluded. Dkt. 128, at 7-15.

### A. Leave To Amend Would Have Been Granted If Timely Requested.

As the Magistrate Judge held, leave to amend would have been granted under Federal Rule of Civil Procedure 15(a)(2). Dkt. 128, at 7. Rule 15(a)(2) establishes a liberal amended pleading standard, under which complaints should be amended freely "in a way that advances justice." *Stephens v. Atlanta Indep. Sch. Sys.*, No. 1:13-cv-978, 2013 WL 6148099, at *2 (N.D. Ga. 2013); *see also* Fed. R. Civ. P. 1 (directing that the Rules "should be construed, administered, and employed . . . to secure the just . . . determination of every action"). That is, "[l]eave to amend should be freely given absent a reason such as undue delay or prejudice to the opposing party." *Carter v. Broward Cnty. Sheriff's Dept.*, 558 F. App'x 919, 923 (11th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). No such circumstances are present here, as the Magistrate Judge appropriately concluded.

At the outset, amendment would have been granted given the substantial additional factual information not known to Plaintiff at the time of the initial Complaint and subsequently discovered principally through the criminal trials of G. McMichael, T. McMichael, and Bryan. As the Magistrate Judge recognized, this included the following stunning revelations, which get to the heart of a number of the claims at issue in this case:

- Defendant Travis McMichael responded to an internet video of a Black man pulling a prank on a white man by stating "I'd kill that fucking nigger." Dkt. 110, at 11.
- Travis McMichael responded to a different internet video of a group of Black teenagers by stating "shoot all of them. Fuck those Goddam Monkeys." *Id.*

- Travis McMichael publicly referred to Black people as "animals, monkeys, and subhuman savages." *Id.*
- Defendant William Bryan responded to his daughter dating a Black man by stating "she has a nigger now" and referred to a Martin Luther King Day parade as "the monkey parade." Dkt. 110, at 11.

Based on this evidence, a jury convicted the McMichaels and Bryan of federal hate crimes, in addition to other offenses. Dkt. 110, at 26-27.

As the Magistrate Judge recognized, new facts not known at the time of the original Complaint also included "information about Defendant Jackie Johnson's September 2021 indictment for her role in Mr. Arbery's death and subsequent investigation following Mr. Arbery's murder," Dkt. 128, at 3 (citing Dkt. 110, at 24, 27-28), and "details about Defendants Greg McMichael, T. McMichael, and Bryan's state and federal convictions arising from the death of Mr. Arbery." Dkt. 128, at 3 (citing Dkt. 110, at 24, 26). Given the key nature of these facts to the case, amendment would have been granted. *See, e.g.*, *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 148 F.3d 1231, 1256 (11th Cir. 1998) (permitting amendment where information at heart of amendment was unknown to plaintiff at time of filing complaint); *Blount v. Credit Prot. Ass'n, LP*, No. 8:15-cv-1309, 2016 WL 3034066, at *2 (M.D. Fla. 2016) (permitting amendment even after court-ordered deadline after plaintiff discovered "new information" to bolster claim); *Fisher v. Ciba Specialty Chemicals Corp.*, No. 03-0566-WS-B, 2005 WL 8158591, at *2 (S.D. Ala. 2005) (permitting amendment adding new defendant even after court-ordered deadline where plaintiff learned of defendant after filing initial complaint).

Amendment would have been granted to add these facts and a claim against Defendant Minshew, because Plaintiff did not unduly delay in filing the First Amended Complaint. The case has been stayed in its entirety since October 12, 2021, "pending the outcome of the criminal

proceedings against certain Defendants." Dkt. 106.[1] No discovery has been conducted. Indeed, no scheduling order has even been issued, and no deadlines for discovery or dispositive motions have been set. *See* Dkt. 128, at 11. Plaintiff immediately filed her First Amended Complaint, Dkt. 110, on the day G. McMichael, T. McMichael and Bryan were convicted of federal criminal charges, and approximately three months after they had been convicted of murdering Arbery in Glynn County Superior Court. Dkt. 128, at 2 (setting out timeline). As summarized above, the course of those criminal proceedings presented substantial evidence previously unknown to Plaintiff. *See State v. Travis McMichael et al.*, Case No. CR-2000433 (Ga. Super. Ct.); *U.S. v. McMichaels*, Case No. 2:21-cr-00022 (S.D. Ga.). Much of the then-unknown evidence goes to the heart of the issues raised and arguments asserted by Defendants in their Motions to Dismiss Plaintiff's Original Complaint. So, Plaintiff filed her First Amended Complaint within a year of filing the Original Complaint, on the day after the second criminal trial against the McMichaels and Bryan concluded, in a case that has been stayed and in which no discovery has been conducted—in short, she acted without delay.

Amendment would have also been granted because no party would have been prejudiced. Glynn County does not argue prejudice on its *own* behalf, nor could it. As the Magistrate Judge recognized, the claims and factual allegations against Glynn County are materially indistinguishable between the Original Complaint and the First Amended Complaint. Dkt. 128, at 3 (comparing generally Dkt. 1 with Dkt. 110). Nor does Glynn County actually argue that—had

---

[1] What is more, Defendants filed their motions to stay in July of 2021, Dkts. 68, 69, 70, 73, 74, 77, which Plaintiff did not oppose, Dkt. 85, so the parties had acted as early as last summer as though the case were stayed as to discovery, and the parties' Rule 26 obligations were explicitly stayed as of July 22, 2021, Dkt. 128, at 2 (referring to Dkts. 75, 76).

Plaintiff properly sought to amend at the time she filed her First Amended Complaint—Minshew would have been prejudiced. *See generally* Dkt. 132. That's because Plaintiff filed her First Amended Complaint within the statute of limitations, and in a case that has largely been stayed for the year it had been pending. So whether Minshew was an entirely new party or had previously been identified as a Doe Defendant is irrelevant—the First Amended Complaint was within the limitations period, no discovery had yet been conducted, and Minshew would not have been prejudiced by being added as a party during the limitations period.

Glynn County claims that Minshew's identity was known to Plaintiff before she filed the Original Complaint, relying on a local news story that mentions Minshew's name. This argument is meritless. First, even assuming Plaintiff was aware of Minshew's name, she was not obligated to amend her complaint any sooner than she did—as just explained, Plaintiff filed the First Amended Complaint within the statute of limitations and Minshew cannot establish *any* prejudice having received notice of the claims against him within the limitations period. Second, even assuming Minshew had some unspecified right to be named promptly—as opposed to just within the statute of limitations period like all other defendants—the fact that his name was mentioned in a news article would not show that Plaintiff would have had sufficient knowledge of his particular involvement so as to name him in the Complaint. Plaintiff was entitled to have the limitations period to determine which Defendants to name in the Complaint and she appropriately provided full notice to Minshew about the claims arising from his shocking behavior within the limitations period. Glynn County's citation to *Carruthers* does not support a contrary finding. *See* Dkt. 132, at 8. In *Carruthers*, the plaintiff wanted to amend her complaint to add a new claim six months after the deadline for amendments had expired and two months after discovery had ended.

*Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004). The Eleventh Circuit held that "[i]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery" and "past the deadline for filing dispositive motions." *Id.* In such a situation, granting the amendment "would have further delayed proceedings" because the defendant "would have had to conduct additional discovery." *Id*. This case involves diametrically different circumstances. Unlike the plaintiff in *Carruthers*, Plaintiff filed the First Amended Complaint and the *Nunc Pro Tunc* Motion For Leave well before discovery commenced and even before any discovery deadlines were set. Therefore, the amendment will not—indeed, cannot— delay proceedings.

In circumstances similar to this case, amendments have been allowed. For instance, in *Atlanta Independent School System*, the court allowed an amendment *even though* "no new facts" came to light between the filing of the initial complaint and the proposed amendment because "discovery ha[d] yet to begin" and it was the "first attempt to amend the complaint." *Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F.*, 740 F. Supp. 2d 1335, 1356-57 (N.D. Ga. 2010) (allowing one claim in amended complaint to proceed and dismissing others as futile); *c.f. Hair v. Lawnwood Med. Ctr., Inc.*, No. 08-14128-CIV., 2008 WL 4097695, at *2 (S.D. Fla. Sept. 3, 2008) (permitting amendment even though it was filed after the relevant deadline because "the parties are still in the early stages of discovery" and the "late filing has not impacted the Court's calendar adversely").

Likewise, contrary to Glynn County's suggestion that it is improper to accept an amendment that adds new parties and claims to a case, s*ee* Dkt.132, at 4, courts, in this Circuit and elsewhere, routinely allow amendments adding new parties and claims, both *nunc pro tunc* and otherwise. *See, e.g.*, *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1235 (M.D. Fla.

7

2011) (permitting amendment adding new claim); *K.G. by & through Garrido v. Dudek*, No. 11-20684-CIV-LENARD/O'SULLIVAN, 2011 WL 13349663, at *1 (S.D. Fla. 2011) (permitting amendment adding new parties and new claim); *Ruiz v. Samuel I. White, P.C.*, No. 1:09-cv-688, 2009 WL 4823933, at *2 (E.D. Va. 2009) (permitting amendment containing new claim "*nunc pro tunc* as a matter of grace" where plaintiff initially filed amended complaint without leave and only later moved to amend).

In short, the Magistrate Judge properly concluded that leave to amend would have been granted if timely requested. After all, Plaintiff amended to include substantial new information previously unknown to her and filed the amendment the very same day three of the defendants were convicted on criminal charges—before discovery began and before the statute of limitations ran on any of her claims.

### B. Minshew Is Not Prejudiced By Granting Plaintiff's Proposed Amendment *Nunc Pro Tunc*.

The core of Glynn County's Objection to the Order is that even if the Court would have granted leave to amend had Plaintiff sought it, it is inappropriate to allow the First Amended Complaint *nunc pro tunc* because—*now*—Defendant Minshew is prejudiced by not being able to assert a statute of limitations defense. Dkt. 132, at 10-13; *see also* Dkt. 124, at 7-8. This argument fails many times over.

*First*, it is worth highlighting the perversity of Glynn County's position. It does not argue that Minshew *would have been* prejudiced by the First Amended Complaint had leave to amend been sought on February 22, 2022. Rather, Minshew's purported limitations argument—advanced by Glynn County—is that *now*, given that the Court's consideration of the propriety of granting

8

the First Amended Complaint *nunc pro tunc* is happening outside of the limitations period, he is prejudiced. This argument is too cute by half. Glynn County's interpretation of the rules not only ignores, but is a complete affront to the pursuit of justice—which is the ultimate purpose of the Rules. *See* Fed. R. Civ. P 1 ("These rules . . . should be construed, administered, and employed . . .to secure the just . . . determination of every action and proceeding."). In fact, courts have found that similar circumstances constitute a *reason to grant* an improperly filed complaint, not to deny it. *See Ward v. Glynn County Board of Comm'rs*, No. cv-215-077, 2016 WL 4269041, at *8 (S.D. Ga. 2016) (allowing plaintiff's amended complaint to stand despite procedural deficiency where "if the Court were to disallow this pleading, the applicable statute of limitations would bar Plaintiff from refiling it in a new action").

*Second*, Minshew is not entitled to a statute of limitations defense under any circumstances, so he cannot be prejudiced by the inability to assert such a defense if the motion is granted *nunc pro tunc*. The statute of limitations has yet to run because "the Court's stay of this case tolled the applicable statutes of limitations." *U.S. ex rel. Campbell v. Lockheed Martin Corp.*, 282 F. Supp. 2d 1324, 1336 (M.D. Fla. 2003); *see also Selph v. Nelson, Reabe & Snyder, Inc.*, 966 F.2d 411, 413 (8th Cir. 1992) ("A stay tolls the statute of limitations."). Indeed, a stay tolls the statute of limitations even against new defendants and new claims. *See, e.g.*, *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1235 (M.D. Fla. 2011) (finding plaintiff's new claim was timely filed because statute of limitations was "equitably tolled" during court-imposed stay); *Javier H. v. Garcia-Botello*, 239 F.R.D. 342, 348 (W.D.N.Y. 2006) (explaining that the court "must account for the twenty months which was equitably tolled during the stay of discovery" in calculating the statute of limitations for adding new defendants); *Cole v. Miraflor*, No. 99-CIV-

0977-RWS, 2001 WL 138765, at *6 (S.D.N.Y. 2001) (explaining that amended complaint identifying defendant was timely because "[t]he limitations period was equitably tolled during the stay of discovery").

Here, it is undisputed that the Court granted a stay on October 12, 2021: "the Court STAYS the proceedings in this case . . . until the resolution of state and federal criminal proceedings involving certain Defendants." Dkt. 106. The Court recently reiterated that it "stayed this case in its entirety since October 12, 2021." Dkt. 128, at 7. Accordingly, "[n]o scheduling order has been issued in this case, and no deadlines for discovery or dispositive motions have been set." *Id*. at 11. At the time of the stay, one year, seven months, and twenty days had elapsed from the date that Arbery was shot to death. Since the stay has not yet been lifted, the two-year statute of limitations has not expired, and Minshew can show no prejudice.

*Third*, "the purpose of statutes of limitations . . . is to require the 'prompt presentation of claims.'" *Coppage v. U.S. Postal Serv.*, 281 F.3d 1200, 1206 (11th Cir. 2002) (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). That purpose is undoubtedly satisfied here because the First Amended Complaint was filed before the statute of limitations expired—even if this court finds the statute of limitations was not tolled by the stay. A technicality should not override that simple fact. As put by the Supreme Court, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided" on the basis of "mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) ("[T]here is a strong policy of determining cases on their merits."). So where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," as here, "[s]he ought to be afforded an opportunity to test [her] claim on the merits."

10

*Forman*, 371 U.S. at 182. That is, Plaintiff "should not have to forfeit [her] claims" solely because she filed an amendment without first filing a motion for leave. *Stephens v. Atlanta Indep. Sch. Sys.*, No. 1:13-cv-978-WSD, 2013 WL 6148099, at *3 (N.D. Ga. 2013).[2]

Notably, *all* of Glynn County's arguments relate to a single defendant: Minshew. Nowhere does Glynn County explain why amendment *nunc pro tunc* should not be granted with respect to the bolstered and fleshed out allegations against any other defendant—not the new allegations that Defendant Travis McMichael referred to black people as "animals, monkeys, and subhuman savages" and advocated "shoot[ing] all of them," Dkt. 110 at ¶¶ 53-54, not the allegations that Defendant Bryan called his daughter's black boyfriend "a nigger" and referred to a Martin Luther King Day parade as a "monkey parade," *id*. at ¶¶ 59-60, and not the allegations that Defendant Rash discussed all of the "blacks" as being potential suspects and that he shared information about other crimes with the McMichaels, *id*. at ¶¶ 74-75.

Even if Minshew could somehow show prejudice despite receiving notice of the claims against him within the limitations period, that does not warrant denial of the *entire* First Amended Complaint as Glynn County urges. *See* Dkt. 132, at 10. Wright & Miller is clear that courts "may narrow the scope of the amendment"—it is decidedly not an all-or-nothing determination. 6 Fed.

---

[2] In his Motion To Dismiss, Minshew argues that amendment would be futile. Dkt. 124, at 10. However, Minshew did not object to the Magistrate Judge's Order, and Glynn County did not incorporate this argument into its Objection. In any case, denying leave to amend on the basis of futility is an incredibly high bar: "the court is making the legal conclusion that the complaint, as amended, would *necessarily* fail." *St. Charles Food, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999) (emphasis added). Because this argument was not raised in any objections to the Magistrate Judge's Order, Plaintiff will properly respond to Minshew's failure to state a claim and qualified immunity arguments in her forthcoming omnibus response to Defendants' Motions To Dismiss.

11

Prac. & Proc. Civ. § 1486 (3d ed.). In fact, courts frequently grant in part and deny in part amendments. *See, e.g.*, *Jenkins v. Wholesale Alley, Inc.*, No. 1:05-cv-3266-JEC, 2006 WL 2716091, at *7-8 (N.D. Ga. 2006); *Andrade v. Marceno*, No. 2:19-cv-887-JES-NPM, 2021 WL 1848988, at *5 (M.D. Fla. 2021); *Long v. Amada Mfg. Am., Inc.*, No. 1:02-cv-1235, 2004 WL 5492705, at *21 (N.D. Ga. 2004). The idea that the First Amended Complaint, which includes new allegations against a host of defendants, should be thrown out in the event Minshew could show prejudice is fanciful.

* * *

The Magistrate Judge was correct to accept the First Amended Complaint *nunc pro tunc* in its entirety, because amendment would have been granted and no defendant was prejudiced. At minimum, the court should grant the amended complaint insofar as it relates to defendants other than Minshew.

## CONCLUSION

Glynn County's Objection to the Magistrate Judge's Order on the Motion to Strike should be overruled.

Respectfully Submitted

*//s// Mark V. Maguire*
Mark V. Maguire, Esquire
Lee Merritt, Esquire
Dan Purtell, Esquire
**McEldrew, Young, Purtell & Merritt**
123 South Broad Street
Philadelphia, PA 19109

Amir H. Ali, Esquire
Devi M. Rao, Esquire
Megha Ram, Esquire
Vanessa Del Valle
**Roderick & Solange**
**MacArthur Justice Center**


Rizwan Qureshi, Esquire
William Weltman, Esquire
John Kennedy, Esquire
Tia M. McClenney, Esquire
**Reed Smith LLP**


Kyle Califf, Esquire
**Califf Law Firm**

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| **WANDA COOPER in her individual capacity and as administrator of the estate of the decedent AHMAUD ARBERY** : : : : : | |
| **Plaintiff** : | |
| : | **Civil Action** |
| v. : | **2:21-CV-20-LGW-BWC** |
| : | |
| **TRAVIS McMICHAEL et al.,** : | |
| : | |
| **Defendants.** : | |

**CERTIFICATE OF SERVICE**

I hereby certify that I will make a true and correct copy of Plaintiff's Response in Opposition to Glynn County's Objection to Order on Motion To Strike available on the PACER ECF system which will send an electronic notice to all participating counsel of record.

                        Respectfully Submitted

                        *//s// Mark V. Maguire*
                        Mark V. Maguire, Esquire
                        **McEldrew, Young, Purtell & Merritt**
                        123 South Broad Street
                        Philadelphia, PA 19109