# EXHIBIT B



# OFFICE OF THE DISTRICT ATTORNEY
# WAYCROSS JUDICIAL CIRCUIT

| | | |
|---|---|---|
| George E. Barnhill<br>District Attorney | 306 Albany Avenue<br>Waycross, Georgia 31501 | (912) 287-4395<br>FAX (912) 287-4399 |

Captain Tom Jump
Glynn County Police Department
Investigation Division
157 Public Safety Blvd.
Brunswick, GA 31525

Email:   tjump@glynncounty-ga.gov

Ref: Glynn County, The Shooting death of Ahmaud Arbery, Feb 23rd, 2020

Dear Captain Jump:

My office received the Arbery autopsy report [dated 4/1/2020] yesterday and have reviewed it yesterday and this morning.   We were waiting on this important evidentiary article before finalizing our opinions.

However, since we were initially requested to handle the case the victim's mother has clearly expressed she wants myself and my office off  the case.  She sees a conflict in that my son works in the Brunswick District Attorney's Office where Greg McMichael retired some time ago.  She believes there are kinships between the parties [there are not] and has made other unfounded allegations of bias[es].   As such, I believe it is better for my office to step out and am going to recuse myself and the Assistants working for me from handling the case.   I am contacting the Georgia Attorney General Office and seeking  their assistance in finding another District Attorney in the State to handle the further 'evaluation for prosecution' in this case.   That is,  to determine whether there is sufficient evidence on which to make a Grand Jury presentation or not.

Given the Governor's current shelter in place order and Justice Melton's Judicial Emergency Order;  I can not venture a guess as to when they will move on this request, and once another is found;  when that District Attorney will have the staff available to review this casefile.  I hope for all involved it will move along as quickly as possible.

After talking by telephone with you yesterday, I appreciate there is immediate pressure on your department as to the issue of "Arrest". Since I have already given you an initial opinion the day after the shooting, I feel I can still comment on this limited issue.

First,
I am the current elected District Attorney for the Waycross Circuit, I have worked as a criminal prosecutor for some 36 years. As an Assistant District Attorney in Waycross and Brunswick, as Chief Assistant in Waycross for 20 years and served as the District Attorney the last 5 years; I have been actively involved in over 100 murder cases and assisted other prosecutors with at least 100 more. I have no idea how many Aggravated Assault cases involving gunshots and wounds of all types; Plus I have attended countless schools, classes and seminars on criminal prosecution and criminal acts and evidence. Myself and one of my Senior Trial Attorneys have reviewed the evidence extensively and concur on all points.

Second,
As to the case at hand: It is my professional belief the autopsy confirms what we had already viewed as shown in the video tape, with the photographs & from the witness statements taken immediately at the scene. The autopsy supports the initial opinion we gave you on February 24th, 2020 at the briefing room in the Glynn County Police Department after reviewing the evidence you had at that time. We do not see grounds for an arrest of any of the three parties.

Third,
It appears Travis McMichael, Greg McMichael, and Bryan William were following, in 'hot pursuit', a burglary suspect, with solid first hand probable cause, in their neighborhood, and asking/ telling him to stop. It appears their intent was to stop and hold this criminal suspect until law enforcement arrived. Under Georgia Law this is perfectly legal,

OCGA 17-4-60 "A private person may arrest an offender if the offense is committed in his presence or within his immediate knowledge. If the offense is a felony and the offender is escaping or attempting to escape, a private person may arrest him upon reasonable and probable grounds of suspicion."

Fourth,
It clearly appears Travis McMichael and Greg McMichael had firearms being carried in an open fashion. The investigation shows neither of them to be convicted felons or under felony supervision, they were in a motor vehicle owned by Travis McMichael. Under Georgia Law this is legal open carry.

OCGA 16-11-126
"a) Any person who is not prohibited by law from possessing a handgun or long gun may have or carry on his or her person a weapon or long gun on his or her property or inside his or her home, motor vehicle, or place of business without a valid weapons carry license.
(b) Any person who is not prohibited by law from possessing a handgun or long gun may have or carry on his or her person a long gun without a valid weapons carry license, provided that if the long gun is loaded, it shall only be carried in an open and fully exposed manner."

Fifth,

The video made by William Bryan clearly shows the shooting in real time. From said video it appears Ahmaud Arbery was running along the right side of the McMichael truck then abruptly turns 90 degrees to the left and attacks Travis McMichael who was standing at the front left corner of the truck. A brief skirmish ensues in which it appear Arbery strikes McMichael and appears to grab the shotgun and pull it from McMichael. The 1st shot is through Arbery's right hand palm which is consistent with him grabbing and pulling the shotgun at the barrel tip, the 2nd and 3rd wounds are consistent with the struggle for the shotgun as depicted in the video, the angle of the 2nd shot with the rear of the buttstock being pushed away and down from the fight are also consistent with the upward angle of blood plume shown in the video and that McMichael was attempting to push the gun away from Arbery while Arbery was pulling it toward himself. The 3rd shot too appears to be in a struggle over the gun. The angle of the shots and the video show this was from the beginning or almost immediately became-- a fight over the shotgun. Given the fact Arbery initiated the fight, at the point Arbery grabbed the shotgun, under Georgia Law, McMichael was allowed to use deadly force to protect himself.

Just as importantly, while we know McMichael had his finger on the trigger, we do not know who caused the firings. Arbery would only had to pull the shotgun approximately 1/16th to 1/8th of one inch to fire the weapon himself and in the height of an altercation this is entirely possible. Arbery's mental health records & prior convictions help explain his apparent aggressive nature and his possible thought pattern to attack an armed man.

OCGA 16-3-21 Use of Force in Defense, once confronted with a deadly force situation an individual is allowed to use deadly force to defend themselves or others   OCGA 16-3-23.1 Georgia's No Duty to Retreat Law, an individual is not required to back away from or submit to an attack;   OCGA 16-3-24 [b]  The use of force which is intended or likely to cause death or great bodily harm to prevent trespass on or other tortious or criminal interference with real property other than a habitation or personal property is not justified unless the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony.
OCGA 16-3-24.2  A person properly and legally defending themselves is immune from prosecution

For the above and foregoing reasons, it is our conclusion there is insufficient probable cause to issue arrest warrants at this time.

As to any further issues on whether to present this to a Glynn County Grand jury, that will have to wait for the next District Attorney's review. **Please consider this an OPEN file until that decision is made and restrict the release of any information under Georgia Open Records Act requests.**

Sincerely,


George E. Barnhill
District Attorney
Waycross Judicial Circuit