IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA COOPER | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO.: 2:21-cv-20 |
| | * |
| TRAVIS McMICHAEL, ET AL. | * |
| | * |
| Defendants. | * |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR [sic] REQUEST FOR JUDICIAL NOTICE

Comes now Defendant Jackie Johnson ("Johnson") and files her Response in Opposition to Plaintiff's Motion for [sic] Request for Judicial Notice (Doc. 152) and shows the Court as follows:

Statement of the Case

Plaintiff's motion or request that the Court take judicial notice asks the Court to take "judicial notice of the facts and documents attached to Plaintiff's Omnibus Response to Defendants' Motions to Dismiss as Exhibits A and B." (Doc. 152, p. 2). The documents in question are a state law indictment of Johnson alleging violation of oath of office and obstruction of a law enforcement officer, and a purported "publication" by Defendant George Barnhill. Johnson will address only the indictment (Doc. 151-1).

Plaintiff's motion is without any basis in the law, and the granting of the motion would constitute clear reversible error. For the reasons set forth herein, the motion should be denied.

Argument and Authorities

Citing Fed. R. Evid. 201(b), Plaintiff asserts that *"The subject of these facts are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."* (Doc. 152, p. 1). This is patently incorrect. Plaintiff further asserts that *"Pursuant to the Rule, the court "may take judicial notice on its own" or "must take judicial notice if a party requests it and the court is supplied with the necessary information"* and cites Fed. R. Evid. 201(c). This is likewise incorrect. Plaintiff cites no other authority in support of her motion.

To begin with, the matters contained in the indictment are not "facts" but rather are accusations without any evidentiary support. Those matters are NOT generally known within the trial court's territorial jurisdiction and can NOT be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. On the contrary, the indictment of which Plaintiff requests the Court to take judicial notice is presently the subject of a pending Motion to Dismiss, based, in part, upon the complete absence of any truthful or competent evidence to support these unfounded accusations. Given that there is no truthful or competent evidentiary basis, it is impossible for the matters contained in the indictment to be generally known within the trial court's territorial jurisdiction. And given the highly disputed and questionable nature of those same matters, it is likewise impossible for Plaintiff to meet Rule 201's threshold that their accuracy cannot reasonably be questioned. For these reasons alone, Plaintiff's motion should be denied.

In *United States v. Jones,* 29 F. 3d. 1549 (11th Cir. 1994), the 11th Circuit Court of Appeals ruled that it was error for the District Court to take judicial notice of facts which were in dispute. *U. S. v. Jones* at 1553. In explaining the reasoning for its decision, the Court opined:

> In order for a *fact* to be *judicially noticed* under *Rule 201(b)*, indisputability is a

prerequisite. 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5104 at 485 (1977 & Supp.1994). Since the effect of taking *judicial notice* under *Rule 201* is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the *fact noticed*, the *fact* must be one that only an unreasonable person would insist on disputing. *Id.* If it were permissible for a court to take *judicial notice* of a *fact* merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. *Id.* at 256-57 (footnote omitted). Moreover, to deprive a party of the right to go to the jury with his evidence where the *fact* was not indisputable would violate the constitutional guarantee of trial by jury. *Id.* at 485. *Accord United States v. Aluminum Co. of America, 148 F.2d 416, 446 (2d Cir.1945)* (L. Hand, J.).

In *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir.1992)* (citations omitted), the Second Circuit concluded that the district court erred in granting summary judgment based on a finding of *fact* within a bankruptcy court order. It recognized that a "court may take *judicial notice* of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the *fact* of such litigation and related filings.' " *Liberty Mut. Ins. Co., at 1388* (citation omitted). Accordingly, a court may take *notice* of another court's order only for the limited purpose of recognizing the "*judicial* act" that the order represents or the subject matter of the litigation. *See United States v. Garland, 991 F.2d 328, 332 (6th Cir.1993)* (citation omitted); *Colonial Leasing Co. v. Logistics Control Group Int'l, 762 F.2d 454, 459 (5th Cir.1985)*; *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172-73 (10th Cir.1979).* [**12]  *See also ITT Rayonier, Inc. v. United States, 651 F.2d 343, 345 n. 2 (5th Cir.1981)* (court took *notice* of settlement in related proceeding rendering case at bar moot); *Moore v. Estelle, 526 F.2d 690, 694, 696 (5th Cir.1976)*, cert. denied, 426 U.S. 953, 96 S. Ct. 3180, 49 L. Ed. 2d 1192 (1976) (court took *notice* of prior habeas judgment to identify issues already decided); *FDIC v. O'Flahaven, 1994 U.S. Dist. LEXIS 13276*, No. Civ. 91-433- B, 1994 WL 314384 at * 2, F. Supp., (D.N.H. Apr. 8, 1994) (citations omitted) (court could not *judicially notice* veracity of allegations in affidavits from state court case; rather it could only take *notice* that the affidavits were filed and the averments were made).  *U. S. v. Jones*, at 1553.

Here, the Plaintiff's "facts" are nothing more than highly disputed, inflammatory allegations.  As previously stated, the indictment against Johnson, as well as the manner in which it was obtained, is the subject of a pending Motion to Dismiss before the Superior Court based upon the lack of any competent evidence to support it.  As such, the Court may not take judicial

notice of the accusations in the indictment. To hold otherwise, would violate Johnson's constitutional rights. Plaintiff's motion should be denied.

Further, and in addition to the forgoing, the indictment itself is not admissible in evidence. Plaintiff's motion deliberately injects inadmissible matter into the record and is necessarily intended to manufacture prejudice in favor of Plaintiff and against Johnson. The fact that a defendant in a civil case has been charged with a state law violation, absent a voluntary plea of guilty to that charge, is patently inadmissible in a civil suit. See *Rangel v. Anderson*, USDC, SDGA, Brunswick Division; Civil Action No. 2:15-cv-81 (2016), citing *Federal Rules of Evidence* 402 and 403. Even in a criminal proceeding, the indictment itself is not evidence. It strains reason to even suggest a contrary result in a civil proceeding. The 11th Circuit expressly recognizes that an indictment is not evidence. It is a formal charging instrument which has no evidentiary value. See 11th Circuit Pattern Jury Instruction B2.2.

Finally, the Georgia Supreme Court has held that indictments constitute inadmissible hearsay. "We agree with the trial court that the federal indictment is inadmissible. An indictment is simply a "formal written accusation of a crime," *Black's Law Dictionary*, 891 (10th ed. 2014), and the assertions therein are nothing more than hearsay statements by the prosecutor bringing the charges. . . . See also *Thomason v. State*, 281 Ga. 429, 431 (8) (637 SE2d 639) (2006) (noting that "the indictment does not constitute any evidence of [the defendant's] guilt"); *Hicks v. State*, 315 Ga. App. 779, 785 (4) (728 SE2d 294) (2012) (noting that "the allegations of the indictment did not constitute evidence")" *State v. Brown*, 298 Ga. 878, 785 SE2d 510, 511-512 (2016).

Conclusion

Based on the forgoing, Defendant Jackie Johnson respectfully requests that the Court enter an Order denying Plaintiff's Motion (Doc. 152).

This 13th day of October 2022.

| | |
|---|---|
| **/s/ John J. Ossick, Jr.** | **/s/ James L. Elliott** |
| **John J. Ossick, Jr.** | **James L. Elliott** |
| Georgia Bar No: 555150 | Attorney for Jackie Johnson |
| Attorney for Jackie Johnson | Georgia Bar No: 244244 |
| John J. Ossick, Jr., PC | Elliott Blackburn PC |
| PO Box 1087 | 3016 N. Patterson Street |
| Kingsland, GA 31548-1087 | Valdosta, GA 31602 |
| (912) 729-5864 | (229) 242-3333 |
| (912) 729-2230 fax | (229) 242-0696 fax |
| ossick@tds.net | jelliott@ebbglaw.com |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

This 13th day of October, 2022.

/s/ James L. Elliott
James L. Elliott
Georgia Bar Number 244244
Attorney for Jackie Johnson

Elliott Blackburn PC
3016 N. Patterson Street
Valdosta, GA 31602
(229) 242-3333
(229) 242-0696 fax
jelliott@ebbglaw.com