## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| WANDA COOPER, in her Individual Capacity and as Administrator of the Estate of the Decedent, Ahmaud Arbery, | * * * * * | |
| | * | CV 221-020 |
| Plaintiff, | * * | |
| v. | * * | |
| TRAVIS MCMICHAEL, GREGORY MCMICHAEL, WILLIAM BRYAN, POLICE OFFICER ROBERT RASH, POLICE CHIEF JOHN POWELL, JOHN DOE POLICE OFFICIALS 1-10, GLYNN COUNTY, JACKIE JOHNSON, GEORGE BARNHILL, and RICKY MINSHEW, | * * * * * * * * * | |
| Defendants. | * * | |

---

## O R D E R

---

Before the Court is Defendant Glynn County's objection to the Magistrate Judge's August 8, 2022 Order (Doc. 128). (Doc. 132.) For the following reasons, Defendant Glynn County's objection is **SUSTAINED IN PART and OVERRULED IN PART.**

### I. BACKGROUND

On February 23, 2021, Plaintiff Wanda Cooper, in her individual capacity and as Administrator of the Estate of Decedent, Ahmaud Arbery, filed this lawsuit against Defendants. (Doc. 1.)

Some Defendants answered Plaintiff's original complaint (Docs. 58, 64, 65), but several Defendants, including John Powell, Jackie Johnson, Robert Rash, George Barnhill, and Glynn County, filed motions to dismiss in lieu of answering. (Docs. 57, 59, 63, 66, 67.) On October 12, 2021, the Court stayed all proceedings in this case until the state and federal criminal proceedings involving certain Defendants are resolved.[1] (Doc. 106, at 2.)

On February 22, 2022, Plaintiff filed an amended complaint without seeking leave of court or consent of the opposing parties. (Doc. 110.) Plaintiff's amended complaint (1) provides clarifications and information that came to light from the indictment of Defendant Jackie Johnson and during the criminal trials of Defendants Gregory McMichael, Travis McMichael, and William Bryan; (2) removes Defendant Powell from the caption of the case and from all counts; and (3) brings a new claim against a new defendant, Ricky Minshew. (Id. at 1-2, 4-6, 10-13, 16, 20, 23, 24, 26-28, 35, 39-40; Doc. 128, at 2-3.) Defendant Glynn County moved to strike the amended complaint, and Plaintiff filed a motion for leave to file the amended complaint *nunc pro tunc*. (Docs. 114, 118.) Plaintiff opposed Defendant Glynn County's motion to strike (Doc. 117), and Defendants Johnson and Glynn

---

[1] At the time the stay was entered, the "certain Defendants" with pending criminal proceedings were Travis McMichael, Gregory McMichael, William Bryan, and Jackie Johnson. (Doc. 68, at 1; Doc. 73-1, at 2; Doc. 74, at 1; Doc. 77, at 1; Doc. 85, at 1.)

County opposed Plaintiff's motion for leave to file the amended complaint *nunc pro tunc* (Docs. 121, 123). After being served with the amended complaint, Defendant Minshew made his initial appearance and filed a motion to dismiss Plaintiff's amended complaint on March 29, 2022. (Doc. 124.) On August 8, 2022, United States Magistrate Judge Benjamin W. Cheesbro granted Plaintiff's motion for leave to file her amended complaint *nunc pro tunc*, denied Defendant Glynn County's motion to strike, and concluded Plaintiff's amended complaint would be the operative pleading in this case. (Doc. 128, at 1.) Defendant Glynn County filed an objection to the August 8, 2022 Order pursuant to Federal Rule of Civil Procedure 72(a). (Doc. 132.) Plaintiff responded to Defendant Glynn County's objection. (Doc. 150.) The Court now addresses the objection below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The clearly erroneous and contrary to law standards are "exceedingly deferential." Pate v. Winn-Dixie Stores, Inc., No. CV 213-166, 2014 WL 5460629, at *1 (S.D.

3

Ga. Oct. 27, 2014) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)) (alterations in original). A finding is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted).

## III. DISCUSSION

Defendant Glynn County objects to the Court's August 8, 2022 Order because it "contains several significant inaccuracies . . . [and] relies on those inaccuracies in concluding that Plaintiff would have been granted leave to amend had she sought it and that no Defendant has demonstrated prejudice, and in denying Glynn County's Motion to Strike for those reasons." (Doc. 132, at 1.) Specifically, Defendant Glynn County raises three arguments in its objection: (1) amendment *nunc pro tunc* was improper because the record does not contain sufficient information to conclude leave to file the amended complaint would have been granted; (2) Plaintiff did not provide sufficient information for the Court to determine whether leave to amend would have been granted if timely

4

requested; and (3) Defendant Minshew has shown he would be prejudiced by Plaintiff's amendment. (Id. at 3-12.) The Court addresses Defendant Glynn County's arguments below.

## A. Plaintiff's Existing Claims

The Court finds there was sufficient information to support allowing amendment *nunc pro tunc* as to Plaintiff's existing claims. The Magistrate Judge applied the following legal standard to determine whether to allow Plaintiff's amended complaint to be entered *nunc pro tunc*: "[A] court may treat an amended pleading as properly introduced even without prior judicial permission if 'leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.'" (Doc. 128, at 4 (quoting Hoover v. Blue Cross & Blue Shield of Ala., 855 F.2d 1538, 1544 (11th Cir. 1988)). Defendant Glynn County does not object to the use of this standard. (Doc. 132, at 4.) But rather, Defendant Glynn County objects to the information, or lack thereof, the Magistrate Judge relied on in concluding leave to amend would have been granted if it had been sought, specifically as to whether there was sufficient evidence in the record or in Plaintiff's filings to support granting leave to amend *nunc pro tunc*. (Id. at 5-9.)

Federal Rule of Civil Procedure 15(a)(2) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Courts should freely allow

5

amendment under Rule 15.  Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  However, "[a] district court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."  Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)).

After conducting a review of the entire record, the Court concurs in part with the Magistrate Judge's finding that leave would have been granted if Plaintiff had sought it before filing her amended complaint.  The majority of Plaintiff's amendments merely bolster her already existing claims based on facts that came to light over the course of criminal prosecutions of certain Defendants.  (Doc. 110, at 5-6, 10-13, 16, 23-24, 26-28, 36; Doc. 128, at 3.)  As to these amendments – clarifications about Larry English and his property (the property Mr. Arbery visited the day he was killed); information about Defendants Travis McMichael and William Bryan's racist behavior and statements, and law enforcement's role in the events that led to the killing of Mr. Arbery; information about Defendant Jackie Johnson's September 2021 indictment for her role in Mr. Arbery's death and subsequent

investigation following Mr. Arbery's murder[2]; details about Defendants Gregory McMichael, Travis McMichael, and William Bryan's state and federal convictions arising from the death of Mr. Arbery; and the removal of Defendants John Powell and John Doe Police Officials from the case caption and counts – the Court finds no clear error or conclusion contrary to law by the Magistrate Judge. (Id.)

As noted by the Magistrate Judge, this case has been stayed since October 12, 2021, discovery has not begun, the facts upon which Plaintiff bases these amendments were not available to Plaintiff when she initiated this action, and Plaintiff has not previously moved to amend her complaint. (Doc. 128, at 7–10.) Thus, based on these facts, the Magistrate Judge properly found there was no undue delay, bad faith, or repeated failures to cure by Plaintiff. (Id. at 7–11, 14.) Because these amendments merely bolster the claims Plaintiff made in her original complaint, the Court finds these amendments would not be futile. Finally, because the case has been stayed, no discovery has begun, and Defendants had an opportunity to oppose Plaintiff's amended complaint and respond to Plaintiff's motion to file *nunc pro tunc*, the Court concurs that these specific amendments are not prejudicial to the opposing Parties.

---

[2] The Court notes that this Order does not address nor rule on Plaintiff's motion to take judicial notice of information from the indictment. (Doc. 152.)

**B. Plaintiff's Claim Against Defendant Minshew**

However, after a review of "the entire evidence," the Court has a "definite and firm conviction that a mistake [was] committed" in allowing Plaintiff's amendment concerning the newly added party, Defendant Minshew, to be considered *nunc pro tunc*. Concrete Pipe, 508 U.S. at 622 (citation omitted). The Magistrate Judge incorrectly stated in the August 8, 2022 Order that "Defendant Minshew . . . has yet to appear in this case." (Doc. 128, at 12.) The Magistrate Judge then concluded, relying only upon a footnote in Defendant Glynn County's motion to strike, that there were only conclusory arguments concerning prejudice to Defendant Minshew and that the Court "d[id] not discern any prejudice to Defendant Minshew" based on these arguments. (Id.)

This conclusion, however, is contrary to the record. On February 22, 2022, Plaintiff filed her amended complaint without seeking leave and added a new claim against a new party, Defendant Minshew. (Doc. 110, at 39-40.) On March 29, 2022, Defendant Minshew made his initial appearance in this case by filing a motion to dismiss Plaintiff's amended complaint. (Doc. 124.) On August 8, 2022, the Magistrate entered its Order granting Plaintiff's motion for leave to file her amended complaint *nunc pro tunc* without considering any arguments Defendant Minshew raised in his motion to dismiss. (Doc. 128.)

While labeled as a motion to dismiss, Defendant Minshew's motion raises arguments concerning whether Plaintiff's amended complaint is properly before the Court and should be struck, and those arguments should have been considered by the Magistrate Judge. (Doc. 124, at 2, 6.) Notably, several of the arguments concerning Defendant Minshew the Magistrate Judge deemed conclusory in Defendant Glynn County's motion to strike are addressed in detail in Defendant Minshew's motion to dismiss. (Id. at 6-10.) It was clear error to not consider these arguments in the Court's August 8, 2022 Order, so the Court considers those arguments now.

### 1. Defendant Minshew's Opposition to Amendment *Nunc Pro Tunc*

Defendant Minshew contends Plaintiff's amended complaint "fails for reasons both procedural and substantive," and "[t]he Court should not treat the improperly filed [a]mended [c]omplaint as valid." (Id. at 2, 6.) Defendant Minshew refers to the same standard utilized by the Magistrate Judge and cited by Plaintiff: A court may treat an amended pleading as properly introduced even without prior judicial permission when (1) leave would have been granted had it been sought and (2) it does not appear any of the parties will be prejudiced by allowing the change. (Id. at 6 (citation omitted).) Defendant Minshew contends Plaintiff's new claim against him fails under both prongs of this standard. (Id. at 10.)

First, Defendant Minshew argues if Plaintiff properly requested leave to amend, her request would have been denied, in part due to Plaintiff's undue delay in bringing her claim against him. (Id. at 9-10.) He points to two news articles from December 2020, both of which detail the police response to the scene and one of which names Defendant Minshew as the responding officer. (Id. at 9 n.4, 10 n.5.) Defendant Minshew then argues Plaintiff unduly delayed bringing her claim against him because she waited fourteen months after the publication of this information and three months after Defendant Minshew's testimony in Glynn County Superior Court to file her amended complaint. (Id. at 10.) Defendant Minshew also asserts that "because Plaintiff did not file a motion setting forth the grounds for amendment – and, in particular, explaining the lengthy delay in asserting claims against [Defendant] Minshew – there is no basis upon which the Court could conclude that the delay was warranted." (Id. at 2.) Defendant Minshew contends this undue delay, resulting from a lack of diligence by Plaintiff, would bar her from amending her complaint under Rule 15. (Id. at 10.)

Under the second prong, Defendant Minshew contends the claim Plaintiff raises against him would be barred by the statute of limitations, and "the loss of that defense due to retroactive acceptance of the [a]mended [c]omplaint would constitute unwarranted prejudice." (Id. at 2, 7-8.) He argues losing his

statute of limitations defense, especially where there was no explanation for Plaintiff's failure to file a motion for leave to amend, and "ruling that Plaintiff's [a]mended [c]omplaint may be treated as though it were properly filed on February 22, 2022, would cause undue prejudice." (Id. at 7-8 (citations omitted).)

### 2. Plaintiff's Response

In response, Plaintiff contends leave to amend to add Defendant Minshew would have been granted had she properly requested leave "because Plaintiff did not unduly delay in filing" her amended complaint. (Doc. 150, at 4.) She highlights the fact this case has been stayed since October 2021 and no discovery has been conducted to support her contention that there was no undue prejudice in bringing a claim against Defendant Minshew. (Id. at 4-5.) Plaintiff contends the state and federal criminal trials of Defendants Gregory McMichael, Travis McMichael, and William Bryan "presented substantial evidence previously unknown to Plaintiff," but she does not specifically assert she was unaware of facts supporting her claims against Defendant Minshew prior to the conclusion of those trials.[3] (Id. at 5.) Plaintiff further contends, "even assuming Plaintiff was aware of [Defendant] Minshew's name, she was not obligated to amend her complaint any

---

[3] In her *nunc pro tunc* motion for leave to file her amended complaint, Plaintiff contended the two criminal trials revealed "the true identity of a John Doe defendant," namely Defendant Minshew. (Doc. 118, at 3.) Plaintiff, however, does not raise this issue in her response to the opposition to the Court's August 8, 2022 Order and appears to have abandoned this argument. (Doc. 150.)

sooner than she did" because she filed her amended complaint within the statute of limitations period.  (Id. at 6.)  Furthermore, she argues that simply because Defendant Minshew's name was mentioned in a news article does not show she had sufficient knowledge of his involvement so as to name him in the complaint.  (Id.)

As to the second prong, Plaintiff contends Defendant Minshew would not be prejudiced by allowing Plaintiff's proposed amendment *nunc pro tunc* for three reasons: (1) there is no argument that had Plaintiff properly sought to amend at the time she filed her amended complaint Defendant Minshew would have been prejudiced; (2) Defendant Minshew is not entitled to a statute of limitations defense under any circumstances because the Court's stay tolled the applicable statute of limitations; and (3) even if the stay did not toll the statute of limitations, Plaintiff filed her amended complaint within the applicable statute of limitations, providing Defendant Minshew with "notice of the claims against him within the limitations period."  (Id. at 8-11.)

3. Analysis

As stated above, whether Plaintiff may file her amended complaint *nunc pro tunc* depends on if (1) leave to amend would have been granted had it been sought and (2) "it does not appear that any of the parties will be prejudiced by allowing the change."

Hoover, 855 F.2d at 1544 (citation omitted). The Court first considers whether leave to amend would have been granted.

An overview of Rule 15(a) and its applicability is outlined above. "[M]ere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).[4] Courts in this Circuit have found undue delay as a ground for denying leave to amend when the party seeking amendment knew about the facts upon which the amendment is based at the time of the original filing. See Max Warehousing, LLC v. L & P Materials Mfg., Inc., No. 1:08-cv-1330, 2011 WL 13269796, at *3 (N.D. Ga. Jan. 24, 2011) (finding undue delay when plaintiff attempted to assert new claims based on same facts known at the time of the original complaint); Tampa Bay Water v. HDR Eng'g, Inc., No. 8:08-CV-2446, 2011 WL 13176486, at *1 n.1 (M.D. Fla. June 29, 2011) (finding a motion for leave to amend is not automatically timely when filed within the time required by the scheduling order because "even if brought within the time required by the scheduling order, in evaluating undue delay, the court inquires 'whether the moving party knew or should have known the

---

[4] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

facts and theories raised by the amendment in the original pleading'" (citation omitted)).

The Court finds Plaintiff unduly delayed in bringing her claim against Defendant Minshew such that amendment under Rule 15 would have been denied. Contrary to Plaintiff's contentions, neither discovery nor the criminal trials were necessary for Plaintiff to know she had a potential claim against Defendant Minshew. In December 2020, two publicly available news articles were published, detailing police response to the scene with video from body worn cameras showing Mr. Arbery was alive when police arrived and in need of medical attention.[5] (Doc. 124, at 9 n.4, 10 n.5.) These articles, which have embedded videos, also demonstrate the responding officer's delay in providing Mr. Arbery medical attention. (Id.) These are the very facts Plaintiff bases her claim against Defendant Minshew on now and should have recognized prior to filing her original complaint. (See Doc. 110, ¶¶ 132-36, 271-76.) Even if the articles had not mentioned Defendant Minshew by name as the responding officer — and the Court notes one of them does — Plaintiff could have brought her deliberate indifference claim against a John Doe officer until she learned

---

[5] Defendant Minshew cites to two December 2020 articles in his motion to dismiss. (Doc. 124, at 9 n.4, 10 n.5.) Plaintiff refers to only the "local news story" in her response (Doc. 150, at 6), but the Court notes *The Washington Post*, a national news source cited by Defendant Minshew, provided almost identical information, included videos, and has a quote from an attorney who purportedly "represent[ed] the Arbery family." (See Doc. 124, at 9 n. 4.)

the true identity of the "John Doe."[6] <u>Dean v. Barber</u>, 951 F.2d 1210, 1216 (11th Cir. 1992) (finding the use of an unnamed defendant was permissible when "it was clear that discovery would uncover defendant's identity" (citation omitted)). Instead, Plaintiff filed her original complaint on February 23, 2021, months after these articles were published, without mentioning Defendant Minshew. (Doc. 1.) It was not until February 22, 2022, over a year after these articles were published and one day before the statute of limitations ran,[7] that Plaintiff filed her amended complaint naming Defendant Minshew and asserting a deliberate indifference claim against him. (Doc. 110.) Even after Defendant Minshew testified in Glynn County Superior Court on November 8, 2021, more than three months passed before Plaintiff filed her amended complaint to include new allegations and a new claim against Defendant Minshew. (Doc. 124, at 10.) The Court finds it

---

[6] Notably, Plaintiff utilized John Doe claims in her original complaint. (Doc. 1, ¶¶ 11, 222-51.) None of these "John Doe" claims, however, are factually similar to her deliberate indifference claim against Defendant Minshew. (Doc. 110, ¶¶ 271-76.) Even if they were, her amendment would fail to avoid the statute of limitations as the Eleventh Circuit has found "an amended complaint replacing a 'John Doe' defendant with that defendant's correct name does not relate back under Rule 15(c)(3)." <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1103 (11th Cir. 1999) (citations omitted), <i>overruled on other grounds by</i> <u>Manders v. Lee</u>, 338 F.3d 1304 (11th Cir. 2003).
[7] Plaintiff asserts a deliberate indifference claim under 42 U.S.C. § 1983 against Defendant Minshew. (Doc. 110, ¶¶ 271-76 (hereinafter, "Count VII").) Count VII is based on conduct that occurred on February 23, 2020. (<u>Id.</u>) A state's statute of limitations for personal injuries applies to civil rights statutes, such as Section 1983, and in Georgia, this statute of limitations is two years. <u>Rozar v. Mullis</u>, 85 F.3d 556, 561 (11th Cir. 1996). Thus, there is a two-year statute of limitations with respect to Count VII, which means the statute of limitations ran on February 23, 2022.

was undue delay for Plaintiff to wait until almost a year after
filing her complaint and the day before the statute of limitations
ran to file her amended complaint when the evidence in the record
demonstrates she knew or should have known of the facts as to
Defendant Minshew before she filed her original complaint.

Even if Plaintiff's claims could make it past the Rule 15
analysis, they would fail under the second prong: whether it
appears any of the parties will be prejudiced by allowing the
change to relate back to the date the amended complaint was filed
without leave. Hoover, 855 F.2d at 1544. First, Plaintiff
contends Defendant Glynn County's argument that there would be
prejudice in allowing amendment *nunc pro tunc* is "too cute by half"
because if she properly filed for leave to amend, there would be
no prejudice as to Defendant Minshew. (Doc. 150, at 9.) This
argument is unpersuasive. It is true that when a party properly
moves seeking leave to amend, such a motion could toll the statute
of limitations until the Court rules on the motion. See Mitchell
v. City of LaFayette, No. 4:10-CV-00118, 2011 WL 13136617, at *4
(N.D. Ga. Feb. 11, 2011), report and recommendation adopted, No.
4:10-CV-0118, 2011 WL 13136616 (N.D. Ga. Feb. 23, 2011) (finding
the "pendency of the motion for leave to amend . . . tolled the
running of that limitations period"). However, that is not what
happened in this case. Plaintiff filed her amended complaint
without seeking leave. (Doc. 110.) When an amended complaint is

16

filed without seeking leave, it is a legal nullity and does not carry the same implications as a properly filed motion for leave; thus, it does not matter that a motion for leave would have stayed the case. See Hoover, 855 F.2d at 1544 (holding that an amended pleading filed without leave of court when Rule 15 requires such leave constitutes a "nullity" and "is without legal effect"); Moore v. Huntsville Rehab. Found., Inc., No. 5:21-CV-00130, 2022 WL 49179, at *6 (N.D. Ala. Jan. 5, 2022) ("Without legal effect, [the amended pleading] cannot toll the statute of limitations period." (citation omitted and alteration in original)). There is a different standard when determining whether an amendment should be allowed *nunc pro tunc*, namely whether prejudice will be created by allowing the amendment to relate back to the date of the improperly filed amended complaint. Hoover, 855 F.2d at 1544. The loss of a statute of limitations defense under these circumstances is prejudicial to Defendant Minshew. See Moore, 2022 WL 49179, at *6 (finding that when a plaintiff improperly amends without leave of court just prior to expiration of the statute of limitations, a defendant against whom the amended pleading attempts to assert new claims "would suffer undue prejudice by losing its limitations defense if the court [were to] excuse [the plaintiff's] failure to file an appropriate motion to amend pleadings").

Furthermore, the statute of limitations was not tolled by the Court's October 12, 2021 stay. The statute of limitations is not

mentioned at all in the Court's Order staying this case. (<u>See</u>
Doc. 106.) Indeed, in the Court's August 8, 2022 Order granting
leave to file *nunc pro tunc*, the Magistrate Judge highlighted that
the stay did not affect Plaintiff's ability to seek leave to amend
her complaint. (Doc. 128, at 9.) "A stay or other legal proceeding
that prevents a party from exercising a legal remedy 'can be held
to toll the operation of a statute of limitations,'" but, as
stated, Plaintiff was <u>not</u> prevented from exercising her right to
amend by the Court's October 12, 2021 stay. <u>U.S. ex rel. Campbell
v. Lockheed Martin Corp.</u>, 282 F. Supp. 2d 1324, 1336 (M.D. Fla.
2003) (citations omitted).

Where, such as here, a stay has not prevented a party from
exercising her right to amend, a Court may nevertheless implement
an equitable tolling of the statute of limitations, but this is an
extreme remedy available in circumstances not presented by this
case. <u>See Justice v. United States</u>, 6 F.3d 1474, 1479 (11th Cir.
1993) ("[Equitable] tolling is an extraordinary remedy which
should be extended only sparingly." (citing <u>Irwin v. Dep't of
Veterans Affs.</u>, 498 U.S. 89, 96 (1990))); <u>Starling v. R.J. Reynolds
Tobacco Co.</u>, 845 F. Supp. 2d 1215, 1234 (M.D. Fla. 2011)
("[Equitable tolling] may also be used when 'a plaintiff has been
misled or lulled into inaction and has in some extraordinary way
been prevented from asserting his rights.'" (citation omitted)).
Plaintiff's argument that she was confused by the effects of the

stay is undermined by the fact she filed her amended complaint while the stay was in place and never sought to lift the stay. Even if Plaintiff's confusion about the effect of the stay caused her delay in amending, it is insufficient to equitably toll the statute of limitations. As discussed above, Plaintiff should have recognized she had a potential deliberate indifference claim based on public information that was available before she filed her original complaint and long before the stay was in place. Equitable tolling of the statute of limitations, an extreme remedy, is not available to plaintiffs who failed to amend due their own lack of diligence. See Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) ("A plaintiff . . . can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling." (citing Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255-56 (2016))). The Court finds the statute of limitations was not tolled by the stay; therefore, it applies to Plaintiff's amendment adding a new party – Defendant Minshew – and new claim – Count VII.

Finally, Plaintiff contends that forfeiting her claim against Defendant Minshew because she filed her amended complaint instead of filing for leave is deciding the issue on a technicality instead of the merits and would run afoul of the purpose of the Federal Rules of Civil Procedure. (Doc. 150, at 9.) This argument is

19

unpersuasive and, in fact, runs afoul of the Rules. Each of the Rules has a purpose, including Rule 15, which allows parties to amend only in certain circumstances, such as by first seeking leave before filing their amended complaint. FED. R. CIV. P. 15 ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." (emphasis added)). The Eleventh Circuit has time and again made clear that the Rules mean what they say, and it is inappropriate for a district court to allow parties to create loopholes to the Rules. See, e.g., Sargeant v. Hall, 951 F.3d 1280, 1283 (11th Cir. 2020) (noting the court's obligation to "give the Federal Rules of Civil Procedure their plain meaning" (citation omitted)); City of Jacksonville v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1038 (11th Cir. 2023) (noting that the Rules mean exactly what they say and parties must strictly adhere to them); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (disavowing an interpretation of Rule 15 that "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure"). Allowing Plaintiff to usurp Rule 15's requirement to seek leave and overcome the statute of limitations by later filing leave *nunc pro tunc* would effectively nullify Rule 15 and set dangerous precedent.

For the foregoing reasons, allowing Plaintiff's amendments *nunc pro tunc* would be prejudicial to Defendant Minshew; thus,

amendment *nunc pro tunc* as to these amendments should have been denied.    Therefore, Defendant Glynn County's objection to the Magistrate Judge's August 8, 2022 Order, as to the claims involving Defendant Minshew, are **SUSTAINED** and Plaintiff's new claim against Defendant Minshew, Count VII, is hereby **STRUCK** from the amended complaint.

The Court, however, agrees that striking all of Plaintiff's amendment would be a windfall when many of her amendments are properly before the Court *nunc pro tunc*. (See Doc. 150, at 11-12.)   Rule 72 allows "[t]he district judge . . . [to] modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a) (emphasis added).  Thus, the Court narrows the scope of the amendment, and all other aspects of the amended complaint, other than Plaintiff's new claims against Defendant Minshew, stand as the operative complaint in this case.

## C. Mooted Motions to Dismiss

"It is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.— Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (citation omitted)); see also Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint." (citation omitted)).

Defendants Powell, Johnson, Rash, Barnhill, and Glynn County's motions to dismiss the original complaint (Docs. 57, 59, 63, 66, 67) were filed in response to the original complaint, which is now "without legal effect." Renal Treatment Ctrs., 2009 WL 995564, at *1. Thus, these motions are **DENIED AS MOOT**.

## D. Abandoned Claims Against Defendant Powell

Finally, Plaintiff's claims against Defendant Powell are subject to dismissal. On July 9, 2021, Defendant Powell filed his first motion to dismiss. (Doc. 57.) In her response, Plaintiff agreed her claims against Defendant Powell were duplicative of the claim against Defendant Glynn County and agreed "to voluntarily dismiss Chief Powell from this case." (Doc. 84, at 9 n.3.) When Plaintiff filed her amended complaint, she removed Chief Powell from the caption and the headings specifying to whom each count is addressed. (Doc. 110.) However, throughout the amended complaint, Plaintiff includes allegations against Chief John Powell. (Id. ¶¶ 211-13, 232, 288-90.) On March 1, 2022, Defendant Powell filed a second motion to dismiss Plaintiff's amended complaint and renewed this motion on August 24, 2022.[8] (Docs. 115, 134.) In her combined response to all Defendants' motions to dismiss, Plaintiff does not address Defendant Powell's second or renewed motions to dismiss. (Doc. 151.)

---

[8] Defendant Powell's renewed motion to dismiss (Doc. 134) incorporates the arguments in his second motion (Doc. 115). The Court will only consider his renewed motion; thus, his second motion to dismiss (Doc. 115) is **DENIED AS MOOT**.

"When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal." Barnes v. AstraZeneca Pharms. LP, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017) (alterations adopted and citations omitted). "It is the duty of the parties and not that of this Court to formulate arguments in opposition to reasonable motions . . . ." Id. Indeed, "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." L.R. 7.5, SDGa. Plaintiff's lack of opposition to Defendant Powell's motion and indication she "voluntarily dismiss[es]" her claims against him support the dismissal of Defendant Powell. (Doc. 84, at 9 n.3.) For these reasons, Defendant Powell's renewed motion to dismiss (Doc. 134) is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, the Court **SUSTAINS IN PART** and **OVERRULES IN PART** Defendant Glynn County's objection to the Magistrate Judge's August 8, 2022 Order (Doc. 132.), and finds the amended complaint is the operative pleading in the case, except for Count VII, which is hereby **STRUCK**. Accordingly, as Count VII is the only claim against Defendant Minshew, the Clerk is **DIRECTED** to **TERMINATE** Defendant Minshew as a party to this action and his pending motion to dismiss (Doc. 124), as well as any deadlines or

other motions pertaining to him.  Furthermore, Defendants Powell,
Johnson, Rash, Barnhill, and Glynn County's motions to dismiss the
original complaint (Docs. 57, 59, 63, 66, 67) are **DENIED AS MOOT**,
Defendant Powell's renewed motion to dismiss (Doc. 134) is **GRANTED**
and his second motion to dismiss (Doc. 115) is **DENIED AS MOOT**.
The Clerk is **DIRECTED** to **TERMINATE** Defendant Powell as a party to
this action as well as any other motions or deadlines pertaining
to him.  This case shall otherwise remain **STAYED**.[9]

   **ORDER ENTERED** at Augusta, Georgia, this 21st day of March,
2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[9] The Court entered an Order staying all proceeding in this case until the
resolution of state and federal criminal proceedings involving certain
Defendants. (Doc. 106.)  The criminal proceedings against Defendant Johnson
are still pending.  The case will remain stayed until the resolution of these
proceedings or until the Parties otherwise move the Court to lift the stay.