IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| WANDA COOPER, in her individual capacity and as Administrator of the Estate of the decedent AHMAUD ARBERY, | * * * * |
| Plaintiff | * * |
| v. | * Case Number: 2:21-cv-00020-JRH-BWC * |
| TRAVIS MCMICHAEL and GREGORY MCMICHAEL and POLICE OFFICER ROBERT RASH and GLYNN COUNTY and JACKIE JOHNSON and GEORGE BARNHILL, | * * * * * * |
| Defendants | * |

**RENEWED MOTION TO STAY DISCOVERY
BY DEFENDANTS RASH, GLYNN COUNTY,
JOHNSON, AND BARNHILL**

COME NOW Defendants Robert Rash, Glynn County, Jackie Johnson, and George Barnhill, and jointly move the Court to continue the stay of discovery in this action until the Court has ruled on these Defendants' pending motions to dismiss. In support of this motion, Defendants show the following:

**Introduction**

Each of the four Defendants filing this motion moved for dismissal of Plaintiff's original complaint on the ground that it failed to state a viable claim. Dkt. 59 (Johnson), Dkt. 63 (Rash), Dkt. 66 (Barnhill), Dkt. 67 (Glynn County). Defendants Rash, Barnhill, and Glynn County also moved to stay discovery pending the Court's resolution of their respective motions. Dkt. 68 , 69, 70. All three of these Defendants cited *Chudasama v. Mazda*

*Motor Corp* and similar cases for the rule that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.*, citing 123 F.3d 1353, 1368 (11th Cir. 1997). Glynn County also requested a stay for the separate reason that related criminal proceedings were pending against several of the Defendants. Dkt. 68, p. 5. Several of the Defendants who were the subject of criminal proceedings filed similar motions. Dkt. 73, 74, 77. Plaintiff filed an omnibus response acknowledging that because both criminal charges and motions to dismiss were pending, a stay of discovery was appropriate under the circumstances. Dkt. 85.

On October 21, 2021, the Magistrate Judge entered an order concluding that "the most efficient use of this Court's and the parties' resources would be to stay the proceedings in this case until the resolution of [the] criminal matters." Dkt. 106, p. 2. The order does not address the alternate ground for a stay raised by Defendants Rash, Barnhill, and Glynn County. *Id.* Proceedings were stayed "until the resolution of state and federal criminal proceedings involving certain Defendants." *Id.* During the pendency of the stay, Plaintiff amended her complaint, and Defendants Rash, Glynn County, Johnson, and Barnhill each filed a motion to dismiss the new pleading for failure to state a claim. Dkt. 138 (Johnson); Dkt. 140 (Barnhill); Dkt. 142 (Rash); Dkt. 145 (Glynn County).

The Magistrate Judge's order does not specify whether the phrase "resolution of state and federal criminal proceedings" refers only to trial-court proceedings or to appellate proceedings, as well. Criminal charges against Defendant Johnson were dismissed on February 5, 2025. These Defendants understand that some appellate

proceedings may be ongoing with respect to Defendants Greg McMichael and Travis McMichael. To the extent that the existing stay is due to be lifted as a result of the termination of criminal proceedings against Johnson, these Defendants respectfully request that the Court enter an order continuing the stay until such time as it rules on Defendants' respective motions to dismiss.

## Argument and Citation of Authorities

Rule 26(d) of the Federal Rules of Civil Procedure provides courts broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2nd Cir. 1987) (staying discovery pending determination of motion to dismiss); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2008 (2d ed. 1994) ("The court may wish to issue a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.").

Where a dispositive motion would eliminate the need for a significant amount of discovery if it were granted, it is error for a trial court to allow any discovery to proceed before it rules on the motion:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. [cit.] Therefore, neither the parties nor the court have any need for discovery

> before the court rules on the motion. [cit.] . . . when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (holding that trial court abused its discretion by allowing discovery on fraud claim while motion to dismiss that claim was pending). *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002) (Suspension of discovery was not an abuse of discretion "because the defendants' motions for judgment on the pleadings are challenges to the legal sufficiency of [plaintiff's] complaint that present a purely legal question [and] [f]or that reason, there was no need for discovery before the district court ruled on those motions.").

Courts in the Eleventh Circuit have consistently granted motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." *See Diaz v. Atkinson Cnty., Ga.*, No. 5:15– cv–16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); *Habib v. Bank of Am. Corp.*, No. 1:10–cv–04079, 2011 WL 2580971, at 6, n.4 (N.D. Ga. Mar. 15, 2011) (*citing Chudasama,* 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); *Berry v. Canady*, No. 2:09 - cv -765, 2011 WL 806230, at 1 (M.D. Fla. Mar. 2, 2011) (*quoting Moore v. Potter*, 141 Fed.Appx. 803, 807 (11th Cir.2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]."); *Power v. Williams*, 2010 U.S. Dist. LEXIS 15294 (M.D. Fla. 2010) (granting request to stay discovery pending the resolution of defendant's Motion to Dismiss); *United States v. Real Prop.*, 2009

U.S. Dist. LEXIS 53997 (S.D. Ga. 2009)(same); *White v. Georgia*, 2007 U.S. Dist. LEXIS 79290 (N.D. Ga. 2007)(same). This relief includes staying the requirements of conducting a Rule 26(f) conference pending a ruling on a dispositive motion. *See Dawson v. Piggott*, 2010 U.S. Dist. LEXIS 93830 (S.D. Ala. 2010)(granting motion to stay Rule 26(f) conference pending ruling on Motion to Dismiss).

It is true that *Chudasama* and its progeny do not create a *per se* rule that discovery is stayed every time a motion to dismiss is filed. *See S. Motors Chevrolet, Inc.*, 414-cv-152, 2014 WL 5644089 at 1 (S.D. Ga. Nov. 4, 2014); *Jones v. Bank of America Corp.*, 2013 WL 5657700 at 2 (M.D. Ga. Oct. 15, 2013) ("[N]othing in *Chudasama* . . . means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss."). Nonetheless, the principle espoused in *Chudasama* – that the Court should prevent the needless expenditure of resources on discovery – is certainly an overriding factor supportive of staying discovery. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) (*quoting Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D. N.C. 1988)).

When a party seeks a stay pending resolution of a motion to dismiss, a "court must take a 'preliminary peek' at a dispositive motion to assess the likelihood that the motion will be granted." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (*citing Feldman v.*

*Flood*, 176 F.R.D. at 652; *Arriaga-Zacarias v. Lewis Taylor Farms*, 2008 WL 4544470 at 2 (M.D. Ga. Oct. 10, 2008). Here, a preliminary review of Defendants' respective motions to dismiss Plaintiff's first amended complaint will reveal that each of them has raised potentially meritorious challenges to the legal sufficiency of that pleading.  If the Court were to grant one or more of the motions to dismiss filed by these Defendants, this lawsuit would be dismissed in its entirety with respect to the prevailing Defendants and streamlined significantly against those remaining in the case. Even a partial grant of a single motion to dismiss would likely narrow the issues which the parties must address in discovery and perhaps reduce the scope of discovery. *See Moseley v. Sessions*, 2:16-cv-153, 2017 WL 1682537 at 2 (S.D. Ga. May 1, 2017) (granting stay and noting that "[e]ven a partial grant of the Motion to Dismiss could narrow the issues which the parties must address in discovery and perhaps reduce the scope of discovery.").

## Conclusion

Because these Defendants have raised numerous potentially dispositive defenses in their motions to dismiss, they respectfully request that the Court continue the existing stay of discovery until it has ruled upon their motions.

This the twenty-first day of February, 2025.

*[signatures on following page]*

**ALEXANDER & VANN, LLP**

/s/Raleigh W. Rollins
Raleigh W. Rollins
Ga. Bar No. 613860
H. Thomas Shaw
Ga. Bar No. 593166
411 Gordon Avenue
Thomasville GA 31792
Telephone: (229) 226-2565
rrollins@alexandervann.com
tshaw@alexandervann.com
*Counsel for Defendant Robert Rash*

**BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP**

/s/ Emily R. Hancock
Richard K. Strickland
Georgia Bar No. 687830
Emily R. Hancock
Georgia Bar No. 115145
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
rstrickland@brbcsw.com
ehancock@brbcsw.com
*Counsel for Defendant Glynn County*

**ELLIOTT BLACKBURN PC**

/s/ James L. Elliott
James L. Elliott
Georgia Bar No: 244244
3016 N. Patterson Street
Valdosta, GA 31602
(229) 242-3333
jelliott@ebbglaw.com
*Counsel for Defendant Jackie Johnson*

**HENEFELD & GREEN, P.C.**

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
3017 Bolling Way NE, Suite 129
Atlanta, GA 30305
(404) 841-1275
ngreen@henefeldgreen.com
*Counsel for Defendant George Barnhill*