IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **WANDA COOPER in her individual capacity and as administrator of the estate of the decedent AHMAUD ARBERY** :<br>**Plaintiff** : :<br>v. :<br>**TRAVIS McMICHAEL et al.,** : :<br>**Defendants.** : | **Civil Action 2:21-CV-20-LGW-BWC** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO STAY (Doc. 194)**

**COMES NOW** Plaintiff Wanda Cooper and responds in opposition to Defendants Glynn County, Robert Rash, George Barnhill, and Jackie Johnson's Motion to Stay Discovery Pending Resolution of Motions to Dismiss (Doc. 194). In support of this response, Plaintiff avers as follows:

**I.   INTRODUCTION**

Plaintiff filed her Original Complaint on February 23, 2021. Moving Defendants each filed a Motion to Dismiss for failure to state a claim. (Docs. 59,63,66,67) Additionally, Moving Defendants moved to stay discovery. (Docs. 68,69,70) Cumulatively, Moving Defendants argued that discovery should be stayed because (1) they entitled to be free of the burden of engaging in discovery while Motions to Dismiss are pending; and (2) pending criminal charges of certain Defendants should be resolved before they are required to engage in discovery. Plaintiff responded and acknowledged that "at this specific procedural posture a stay of discovery is appropriate" but requested that the court "narrowly tailor its Order Staying Discovery to the current procedural posture and permit Plaintiff to petition the court to Vacate

the Order if the procedural posture changes including the resolution of the pending criminal matters." (Doc. 85) On October 21, 2021, the Magistrate Judge Ordered that discovery would be stayed concluding that pending the resolution of criminal proceedings against certain defendants. (Doc. 106). The Magistrate Judge did not explicitly address Moving Defendants' argument regarding whether a stay of discovery is appropriate based upon the pending Motions to Dismiss.

On February 5, 2025 all criminal charges related to current Defendants were resolved. Defendants now move to continue the current Stay of Discovery and request that "to the extent that the existing stay is due to be lifted as a result of the termination of criminal proceedings… Defendants respectfully request that the Court enter an order continuing the stay until such time as it rules on Defendants' respective motions to dismiss." (Doc. 194). Plaintiff now responds in opposition and relies upon the argument below.

## II.     ARGUMENT

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This power provides broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." *Fed. R. Civ. P. 26(d)*; *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550,1558 (11 Cir. 1985).

There is no *per se* rule that discovery is stayed every time a Motion to Dismiss is filed. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367-68 (11th Cir. 1997); *SP Frederica, LLC v. Glynn Cnty.,* No. 2:15-cv-73, 2015 U.S. Dist. LEXIS 119310 (S.D. Ga. Sept. 8, 2015) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997)). The moving party bears the burden of showing good cause and reasonableness. A request to stay discovery pending

a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.  When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.,* No. 2:15-cv-73, 2015 U.S. Dist. LEXIS 119310 (S.D. Ga. Sept. 8, 2015) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

In the instant matter, Plaintiff has been denied the ability to conduct discovery regarding Defendants' role in the murder of her decedent son for over four years. The assurance that persons, documents, or things relevant to this matter will be available for purposes of discovery diminishes continually. This delay admittedly does not stem from bad faith or dilatory conduct on the part of the Moving Defendants, but the prejudice to Plaintiff is no less real.  Moving Defendants' countervailing interest in avoiding the burden engaging in discovery is minor in comparison. Moreover, the burden on Moving Defendants can be minimized by tailoring a Discovery Order to be limited to paper discovery or limited to permitting the parties to subpoena documents and things from third parties. It is within the discretion of this Honorable Court to craft such an Order in the interest of justice. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550,1558 (11 Cir. 1985). Doing so will simultaneously insulate Moving Defendants from any onerous burden and permit Plaintiff to proceed with prosecuting her case after a protracted delay.

                Respectfully Submitted

                *//s// Mark V. Maguire*
                Mark V. Maguire, Esquire
                McELDREW  PURTELL
                123 South Broad Street
                Philadelphia, PA 19109

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **WANDA COOPER in her individual capacity and as administrator of the estate of the decedent AHMAUD ARBERY** : : : : : **Plaintiff** : : **v.** : : **TRAVIS McMICHAEL et al.,** : : **Defendants.** : : | Civil Action 2:21-CV-20-LGW-BWC |

## CERTIFICATE OF SERVICE

I hereby certify that I will make a true and correct copy of Plaintiff's Response Defendants' Motions to Stay available on the PACER ECF system which will send an electronic notice to all participating counsel of record.

*//s// Mark V. Maguire*
Mark V. Maguire, Esquire
McELDREW PURTELL
123 South Broad Street
Philadelphia, PA 19109