IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| WANDA COOPER, in her individual | * | |
| capacity and as Administrator of the Estate | * | |
| of the decedent AHMAUD ARBERY, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case Number: 2:21-cv-00020-JRH-BWC |
| | * | |
| TRAVIS MCMICHAEL and GREGORY | * | |
| MCMICHAEL and POLICE OFFICER | * | |
| ROBERT RASH and GLYNN COUNTY | * | |
| and JACKIE JOHNSON and GEORGE | * | |
| BARNHILL, | * | |
| | * | |
| Defendants | * | |

**REPLY BRIEF IN SUPPORT
OF RENEWED MOTION TO STAY DISCOVERY
BY DEFENDANT GLYNN COUNTY**

COMES NOW Defendant Glynn County and files this reply brief in support of the

motion to stay discovery filed by Defendants Rash, Glynn County, Johnson, and Barnhill,

showing the Court the following:

Plaintiff argues that her interest in beginning discovery immediately outweighs

Defendants' interests in delaying discovery until the parties can assess what claims remain

following the Court's ruling on Defendants' respective motions to dismiss. But Plaintiff

provides neither factual nor legal support sufficient to overcome Defendants' showing that

judicial economy will best be served by postponing discovery until the scope of the claims

going forward is known.

Although Plaintiff states that she could potentially be prejudiced by any further delay in discovery, she does not identify any specific evidence – or even general categories of evidence –that will be unavailable or harder to obtain if discovery commences after the Court rules on Defendants' motions. Plaintiff states generally that the availability of "persons, documents, or things relevant to this matter" may diminish over time. Dkt. 195, p. 3. But the vague risk that unspecified items *could* become harder to access due to the passage of time is the sort of "intangible harm produced by the delay in the discovery process" that does not justify commencing discovery with respect to claims that are potentially subject to dismissal. *SP Frederica, LLC v. Glynn Cnty.*, No. 2:15-CV-73, 2015 WL 5242830, at *3 (S.D. Ga. Sept. 8, 2015). Here, as in the case from this Court cited with approval in Plaintiff's brief, Plaintiff "ha[s] not pointed to any potential loss of evidence or other issue that would render [] discovery requests less effective after resolution of the [m]otion[s] to [d]ismiss." *Id.*

On the other side of the scale, Plaintiff classifies Defendants' interest in avoiding the burden of engaging in discovery as both "minor" and easily protected. Several of the Defendants moving for a continued stay of discovery have raised immunity defenses, precluding any argument that their interest in delaying discovery is inconsequential. *See Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."). Moreover, *all* Defendants face the possibility of wide-ranging discovery

pertaining to claims that are potentially subject to dismissal, the burden of which cannot simply be dismissed as "minor." Plaintiff suggests that this burden could be mitigated by an order allowing only paper discovery or third-party discovery. Dkt. 195, p. 3. Again, though, Plaintiff does not identify any specific written or third-party discovery that must be performed immediately in order to protect her interests. And in any event, limiting discovery to only written formats provides no guarantee that the discovery is not onerous and unduly burdensome. *See SP Frederica, LLC v. Glynn Cnty.,* No. 2:15-CV-73, 2015 WL 5242830, at *3 (S.D. Ga. Sept. 8, 2015) (granting stay of discovery and noting that "[t]he likely costs and burdens of proceeding with discovery appear significant" based on plaintiffs' attempt to serve only written discovery requests).

Defendants Rash, Glynn County, Johnson, and Barnhill have raised numerous potentially dispositive defenses in their respective motions to dismiss. "It would be inefficient and costly for the parties to engage in [] discovery when much, if not all, of the discovery requests could be rendered moot by the Court's ruling" on the pending motions. *SP Frederica, LLC v. Glynn Cnty.*, No. 2:15-CV-73, 2015 WL 5242830, at *3 (S.D. Ga. Sept. 8, 2015). Plaintiff has not shown that she will be prejudiced – let alone unduly prejudiced – if discovery does not commence until the parties take stock of the claims that remain following the Court's rulings on their motions. A stay of discovery is warranted until the Court rules on Defendants' motions to dismiss.

This the twenty-first day of March, 2025.

**BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP**

/s/ Emily R. Hancock
Richard K. Strickland
Georgia Bar No. 687830
Emily R. Hancock
Georgia Bar No. 115145
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
rstrickland@brbcsw.com
ehancock@brbcsw.com
*Counsel for Defendant Glynn County*