**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| WANDA COOPER, in her Individual Capacity and as Administrator of the Estate of the Decedent, Ahmaud Arbery,<br><br>    Plaintiff,<br><br>       v.<br><br>TRAVIS MCMICHAEL, GREGORY MCMICHAEL, POLICE OFFICER ROBERT RASH, JOHN DOE POLICE OFFICIALS 1-10, GLYNN COUNTY, JACKIE JOHNSON, and GEORGE BARNHILL,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CV 221-020 |

**O R D E R**

Before the Court is Plaintiff's motion to file her petition to approve settlement and distribution under seal. (Doc. 205.) For reasons discussed below, the Court **GRANTS** Plaintiff's motion to file under seal.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks and citation omitted) (alteration adopted). Therefore, "[t]here is a common-law

presumption that judicial records are public documents." Hesed El v. Poff, No. CV 118-079, 2018 WL 4688720, at *1 (S.D. Ga. Sept. 29, 2018) (citation omitted); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). The right of access, however, "is not absolute, . . . and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chi. Tribune, 263 F.3d at 1311 (internal quotation marks and citation omitted) (alterations adopted).

In deciding whether to seal documents, a court should balance the public's right of access with the parties' interest in privacy. See Eigenberger v. Tokyo Statesboro GA, LLC, No. CV 617-160, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018). When balancing those competing interests, courts consider a variety of factors, including: (1) "whether allowing access would impair court functions or harm legitimate privacy interests"; (2) "the degree of and likelihood of injury if made public"; (3) "the reliability of the information"; (4) "whether there will be an opportunity to respond to the information"; (5) "whether the information concerns public officials or public concerns"; and (6) "the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

2

Plaintiff moves the Court to file her petition to approve settlement and distribution under seal. (Doc. 205, at 1.) Under Local Rule 79.7, Plaintiff argues the petition contains information related to confidential settlement terms, and the Parties' interest in the confidentiality of the settlement terms outweighs any public interest in those terms. (Id.)

Taking into consideration the privacy interests outlined by Plaintiff and the information contained in the documents, the Court finds that good cause exists to allow the filing under seal. Accordingly, Plaintiff's motion to file under seal is **GRANTED**. The Court **DIRECTS** the Clerk to file Plaintiff's petition to approve the settlement and distribution under seal.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3